COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


FANNON PETROLEUM SERVICE, INC.
AND
FEDERATED MUTUAL INSURANCE COMPANY

v.   Record No. 1778-95-4                    MEMORANDUM OPINION*
                                                 PER CURIAM
JOHN D. PRICE                                JANUARY 23, 1996


                                  FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Robert M. McAdam; Wooten & Hart, on brief), for
          appellants.

          (Kathleen G. Walsh; Ashcraft & Gerel, on brief), for
          appellee.


     Fannon Petroleum Service, Inc. contends that the Workers'

Compensation Commission erred in finding that John D. Price

("claimant") (1) gave credible testimony; (2) did not

unjustifiably refuse selective employment; (3) sustained a change

in condition as of July 13, 1994; (4) was entitled to an award of

temporary partial disability benefits commencing December 15,

1994; and (5) reasonably marketed his residual capacity between

July 13, 1994 and December 14, 1994.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

---

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I. and II.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On May 1, 1991, claimant sustained a compensable injury by accident to his right hand, right shoulder, and neck, while working for employer as a delivery driver. Claimant came under the care of Dr. Kim Marsh, a neurosurgeon, who performed surgery on claimant's neck on September 3, 1991. Dr. Marsh released claimant to light duty in January 1992.

In April 1992, claimant began part-time selective employment at the communications center for Spotsylvania County (the "911 Center"), taking emergency calls and dispatching assistance. In July 1993, he began working full-time in the 911 Center. Claimant earned an average weekly wage of $318.60 in this job. In June 1994, a new 911 Center opened, including a new communications control room. In the new center, claimant had to sit in a chair and monitor a computer screen, which was higher than his shoulders. Claimant testified that this arrangement caused him to have to squint and raise his neck to be able to see the monitor through his lower bifocals. When training began in the new 911 Center in May 1994, claimant started experiencing

increasing neck pain and headaches.  In June 1994, claimant returned to Dr. Marsh and reported that his neck pain had increased due to the arrangement of his computer equipment at work.  On July 13, 1994, claimant resigned his position due to these problems.

Claimant admitted that on July 11, 1994, he had an altercation with a co-worker, causing him to submit a resignation letter on July 12, 1994.  Claimant testified that he "blew up" at the co-worker due to excessive fatigue caused by working two consecutive twelve-hour shifts.  The next day, claimant asked for the letter back and wrote another resignation letter citing his neck problems as his reason for leaving.

Angela Anderson, claimant's supervisor, knew claimant was having neck problems after the May 1994 training began.  She had also been advised by Dr. Marsh in a June 28, 1994 letter that the placement of claimant's computer equipment needed to be changed to aid his comfort.  As of July 13, 1994, Anderson had not made any changes to the arrangement of claimant's computer equipment.

On December 15, 1994, claimant acquired a new position as a security guard, earning $216.40 per week.

The commission ruled that claimant was justified in terminating his selective employment on July 13, 1994.  In doing so, the commission weighed the totality of the evidence and resolved any inconsistencies in favor of claimant.  The commission was entitled to accept claimant's testimony concerning

the reason he left the 911 job. Moreover, claimant's testimony is corroborated by Dr. Marsh's medical records and deposition testimony. After June 28, 1994, Dr. Marsh consistently opined that claimant's computer equipment needed to be placed in an ergonomically correct arrangement to alleviate his neck pain and to enable him to work.

Claimant's testimony, coupled with Dr. Marsh's medical records and opinions, constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The full commission relied upon the deputy commissioner's credibility determination in reaching its decision. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Based upon this record, the commission was entitled to find that claimant's testimony was credible. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Brooks, 12 Va. App. at 894, 407 S.E.2d at 35.

### III.

"[A] change in condition 'means a change in physical

4

condition of the employee as well as any change in the conditions under which compensation was awarded or terminated which would affect the right to, amount of, or duration of compensation.' Code § 65.2-1.8." Crystal Oil Co. v. Dotson, 12 Va. App. 1014, 1018-19, 408 S.E.2d 252, 253 (1991). Because credible evidence supports the commission's finding that claimant no longer possessed the capacity to perform his selective employment, the commission did not err in finding that claimant sustained a compensable change in condition. Accordingly, the commission did not err in awarding temporary total disability benefits to claimant, beginning July 13, 1994 through December 14, 1994, and temporary partial disability benefits thereafter based upon his earnings as a security guard.

Because our rulings on employer's first three questions presented dispose of this appeal, we need not address employer's last two questions presented.

For the stated reasons, we affirm the commission's decision.

Affirmed.