COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


SHIRLEY A. TUCKER

v.   Record No. 1933-95-1

AMERICAN FIRST PROPERTIES
AND
TRANSPORTATION INSURANCE COMPANY
                                       MEMORANDUM OPINION[*]
AND                                            PER CURIAM
                                       MARCH 19, 1996

AMERICAN FIRST PROPERTIES
AND
TRANSPORTATION INSURANCE COMPANY

v.   Record No. 1960-95-1

SHIRLEY A. TUCKER


                             FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

       (Shirley A. Tucker, pro se, on briefs).

       (William C. Walker; Donna White Kearney; Taylor &
       Walker, on briefs), for American First Properties and
       Transportation Insurance Company.


     Shirley A. Tucker ("claimant") contends that the Workers'

Compensation Commission erred in suspending her compensation

benefits as of May 25, 1994 on the ground that she unjustifiably

refused selective employment procured for her by First American

Properties ("employer").  (Record No. 1933-95-1).  Employer and

its insurer filed a cross-appeal contending that the commission

erred in finding that Tucker sustained an injury by accident

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

arising out of and in the course of her employment. (Record No. 1960-95-1). Upon reviewing the record and the briefs of the parties, we find that these appeals are without merit. Accordingly, we affirm the commission's decision.

### Background

On appeal, we construe the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that Tucker worked for employer as a housekeeper. On February 21, 1994, Tucker moved a refrigerator to clean behind it and felt pain while moving the refrigerator. She felt more severe pain when she tried to stand up after cleaning behind the refrigerator. Employer's first report of accident prepared by Tucker's supervisor corroborated Tucker's hearing testimony.

Tucker sought medical treatment for her back on February 24, 1994. Dr. James Kintigh reported that Tucker related a history of a back injury while moving a refrigerator on February 21, 1994. Dr. Kintigh diagnosed acute strain and noted that Tucker injured her back while moving a refrigerator.

On May 12, 1994, Dr. I. Rinaldi noted a normal MRI and a normal neurological examination. He also questioned claimant's "prolonged symptomatology" and referred Tucker for work hardening. Dr. Mark Ross concluded in his June 2, 1994 work hardening report that Tucker "is capable of much more than she

2

feels she is capable of."  Dr. Ross noted that, during informal testing, Tucker could lift and carry forty-five pounds.  He advised that Tucker "should be able to return to work after a brief work hardening."

On September 2, 1994, Dr. W.F. Peach, Jr., a neurosurgeon, examined Tucker and reported that she had dropped out of her rehabilitation program.  Dr. Peach noted a normal exam and opined that "with normal scans, there is absolutely nothing that we would consider doing."  He released Tucker to return to work.

Dr. Thomas Stiles, an orthopedist, then referred Tucker to the Medical College of Virginia Pain Management Clinic.  Dr. James B. Wade, a psychiatrist, diagnosed Tucker as suffering from "Somatoform Pain Disorder Associated with Psychological Factors, and Histrionic Personality Disorder, with Passive-Aggressive Features."  Finding a lack of physical pathology to explain Tucker's pain symptoms and "a dramatic psychological overlay," Dr. Wade recommended conservative treatment and psychotherapy to help "modify extremely negative pain-related beliefs."

In May 1994, employer offered Tucker a light-duty job that would involve answering telephones and greeting people.  She refused to accept this position.  On May 25, 1994, employer terminated Tucker's employment.

I.  Unjustified Refusal of Selective Employment

(Record No. 1933-95-1)

Factual findings made by the commission will be upheld on

3

appeal if supported by credible evidence.  James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The commission found that employer's offer of part-time sedentary employment fell within Tucker's work capacity.  Dr. Rinaldi's reports, claimant's normal physical examinations, and Dr. Ross's June 2, 1994 work hardening report support the commission's finding.  Accordingly, we hold that the commission did not err in finding that Tucker refused selective employment without justification and in suspending claimant's compensation as of May 25, 1994.

## II.  Injury by Accident

### (Record No. 1960-95-1)

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).  The commission found that Tucker sustained an injury by accident arising out of and in the course of her employment on February 21, 1994.  Tucker's testimony described an identifiable incident that resulted in an obvious onset of pain.  In rendering its decision, the commission also considered the various medical histories, and resolved any conflicts in this evidence in favor of claimant.  "In determining whether credible evidence exists, the appellate court does not

4

retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

Tucker's undisputed testimony, corroborated by the accident report and medical records, provides ample credible evidence to support the commission's finding. Thus, that finding is conclusive on this appeal. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

For these reasons, we affirm the commission's decision.

Record No. 1933-95-1  Affirmed.
Record No. 1960-95-1  Affirmed.
