COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


RENFRO CORPORATION
AND
HEWITT, COLEMAN & ASSOCIATES                    MEMORANDUM OPINION*
                                                     PER CURIAM
v.   Record No. 3010-95-3                        JULY 9, 1996

RITA D. COLLINS


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Deborah W. Dobbins; Gilmer, Sadler, Ingram,
                  Sutherland & Hutton, on brief), for
                  appellants.

                  (Randolph D. Eley, Jr., on brief), for
                  appellee.


     Renfro Corporation and its insurer (hereinafter collectively

referred to as "employer") contend that the Workers' Compensation

Commission erred in finding that Rita D. Collins ("claimant") (1)

proved she sustained compensable injuries by accident; (2) proved

her back condition and resulting disability were causally related

to a compensable injury by accident; and (3) was not required to

market her residual work capacity at certain points in time.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

                                I.

     On appeal, we view the evidence in the light most favorable

--------

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [her] burden of proving an 'injury by accident,' a claimant must prove that the cause of [her] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). We must uphold the commission's findings of fact if they are supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Claimant testified that, on October 22, 1994, when she attempted to arise from a stool, the stool stuck on the mat underneath it, causing her to fall backwards and hit her back, leg and head. After the fall, her "hip was out." A co-worker helped claimant get up. Claimant sought immediate medical attention from Dr. Wiley A. Greene. Dr. Greene diagnosed a lumbar sprain/strain with possible disc rupture. Claimant admitted she had treated with Dr. Greene prior to October 22, 1994 for back and head injuries sustained in a non-work-related August 25, 1994 incident. After the August 25, 1994 incident, claimant returned to work on October 17, 1994 and performed her regular duties until the October 22, 1994 accident. After the October 22, 1994 accident, claimant returned to her pre-injury work, without restrictions, on December 4, 1994.

Claimant testified that, on January 24, 1995, she lifted a

conveyor belt and felt a pop in her lower back, causing increased back pain and leg numbness. She sought treatment from Dr. Greene on the same day. Dr. Greene diagnosed intervertebral disc disorder and lumbar spine sprain/strain.

Claimant's testimony describing the October 22, 1994 and January 24, 1995 accidents was consistent with the descriptions she wrote on employer's accident forms. The histories of these accidents, which Dr. Greene reported on his Attending Physician's Reports, are not inconsistent with claimant's testimony. Moreover, on January 25, 1995, claimant gave Dr. Robert B. Stephenson a history of the January 24, 1995 accident which is consistent with her hearing testimony.

Claimant's testimony, which was corroborated by her reports to employer and the medical histories, constitutes credible evidence to support the commission's decision. The commission, after observing the demeanor of the witnesses and reviewing the evidence, afforded greater probative weight to claimant's testimony than to the testimony of employer's witnesses. It is well settled that the determination of a witness' credibility is within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). In this instance, whether claimant sustained injuries by accident arising out of and in the course of her employment depended largely upon the credibility of the witnesses. The commission resolved any conflicts in the evidence in favor of

3

claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Because credible evidence supports the commission's decision, we cannot find that the commission erred in holding that claimant proved she sustained injuries by accident arising out of and in the course of her employment on October 22, 1994 and January 24, 1995. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's decision." Id.

                              II.

On January 25, 1995, Dr. Stephenson reported that claimant suffered "an exacerbation of a pre-existing low back and cervical strain with possible LLE radiculopathy." Dr. James M. Leipzig noted that, after the January 24, 1995 accident, claimant began suffering from different symptoms. Dr. Leipzig specifically noted that "the left leg component to this current flare is a new symptom to her." On his March 15, 1995 Attending Physician's Report, Dr. Greene opined that claimant's intervertebral disc disorder and lumbar sprain/strain were due to the January 24, 1995 accident.

The uncontradicted opinion of Dr. Greene, coupled with the records of Drs. Stephenson and Leipzig, constitute credible

4

evidence to support the commission's decision that claimant proved that the January 24, 1995 injury by accident exacerbated her pre-existing back condition and resulted in her current symptoms and disability.

III.

On November 18, 1994, Dr. Stephenson released claimant to light duty work. Claimant returned to her pre-injury work, without restrictions, on December 4, 1994. Under the circumstances of this case, the commission ruled that it was not unreasonable for claimant to fail to market her residual work capacity during this short period of time. We agree with the commission. This issue is controlled by our decision in Holly Farms v. Carter, 15 Va. App. 29, 422 S.E.2d 165 (1992). Accordingly, we cannot say as a matter of law that the commission erred in awarding claimant temporary total disability benefits from October 24, 1994 through December 3, 1994.

On January 26, 1995, Dr. Greene opined that claimant was totally incapacitated. He excused claimant from work until February 10, 1995. On February 7, 1995, Dr. Leipzig opined that claimant should remain off work until March 7, 1995. In a March 15, 1995 Attending Physician's Report, Dr. Greene reported that claimant became totally disabled on January 24, 1995. Dr. Greene did not know when claimant would be able to return to light duty work. On March 24, 1995, Dr. Stephenson noted that claimant

5

suffered from "persistent pain in the low back," "diffuse numbness," and "increased stiffness." Dr. Stephenson did not opine in this report that claimant could return to light or full duty. Rather, he prescribed a neurology evaluation, an appointment with Dr. Jackson, and possible treatment at the Center for Behavioral Medicine. Dr. Stephenson told claimant to continue with home exercises and activity as tolerated.

Based upon this record, the commission could reasonably infer that claimant remained totally disabled after the January 24, 1995 accident, and therefore, did not have a duty to market her residual capacity. Accordingly, the commission did not err in awarding claimant temporary total disability benefits beginning January 24, 1995.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>