**Alexandria**
WAGNER ENTERPRISES, INC.,
AND ASSURANCE COMPANY OF AMERICA

v.

MARK RUSSELL BROOKS,
ED ELLIS CARPENTRY,
AMERICAN NATIONAL FIRE INSURANCE, CO.,
CHARLES R. SEWARD
AND UNINSURED EMPLOYERS' FUND
No. 1284-90-4
Decided July 1, 1991

COUNSEL

John C. Duncan, III (Mark W. Borghesani; McChesney, Duncan & Dale, P.C., on brief), for appellant.

John K. Coleman (David Rosenblum; John D. Tew; Joseph N. Bowman; Slenker, Brandt, Jennings & Johnston; Rosenblum and Rosenblum, P.C.; Gillenwater & Tew, on briefs), for appellees.

OPINION

KEENAN, J.—Wagner Enterprises and Assurance Company of America (Wagner) appeal from a decision in which the commission awarded compensation benefits and medical expenses to Mark R. Brooks. The commission found that since Wagner, the general contractor on the job site, had actual notice of Brooks' injury, it was liable under Code § 65.1-30,[1] as a statutory employer, for payment of benefits to Brooks. At the same time, the commission found that Charles R. Seward, Brooks' uninsured im-

---

[1] Code § 65.1-30 provides: LIABILITY OF A CONTRACTOR TO WORKMEN OF SUBCONTRACTOR. - When any person (in this section and §§ 65.1-31 through 65.1-34 referred to as "contractor") contracts to perform or execute any work for another person which work or undertaking is not a part of the trade, business or occupation of such other person and contracts with any other person (in this section and §§ 65.1-31, 65.1-32, 65.1-33 and 65.1-34 referred to as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if that workman had been immediately employed by him.

mediate employer, and Ed Ellis Carpentry (Ellis), the insured subcontractor directly above Seward in the employment hierarchy, were not liable for payment of benefits because they did not receive timely notice as required by Code § 65.1-85,[2] and Brooks had failed to establish a reasonable excuse for failing to give them notice as required by the statute.

The issues presented in this appeal are: (1) whether the commission erred in finding that Seward and Ellis did not receive actual notice of the injury from Brooks within thirty days of the accident; (2) whether the commission erred in finding that Brooks failed to establish a reasonable excuse for not giving Seward and Ellis notice of the injury; and (3) whether the commission erred in imposing liability on Wagner, the general contractor, when Ellis was the first insured statutory employer over Brooks in the employment hierarchy. We find that credible evidence supports the commission's findings that Ellis and Seward were not given timely notice of the accident and that Brooks did not establish a reasonable excuse for failing to give them notice of his injury. We also find that under Code § 65.1-30, an employee may claim against any statutory employer in the ascending employment hierarchy who receives timely notice as required by statute. Accordingly, we find no error in the award of benefits against Wagner, and we affirm the commission's decision.

Brooks, a carpenter's helper, was injured on April 26, 1988 when he shot a nail into the base of his thumb while operating a nail gun. Seward, his immediate employer, was not present on the site, so Brooks went to the Wagner Enterprises trailer where Ron Wagner helped him wash off the wound and tape it with a napkin. Brooks resumed work and received no medical assistance for the

---

[2] Code § 65.1-85 provides: NOTICE OF ACCIDENT. Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this Act prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person. But no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

injury until July 1, 1988 when he went to the Alexandria Hospital emergency room. The deputy commissioner found that, although the record was not clear, it reflected that Brooks had problems with his hand for approximately six weeks prior to going to the hospital. His hand finally became infected to the point where he could no longer use it.

Brooks did not give written notice of his accident within thirty days to any of his employers. However, the commission found that Wagner had received actual notice of the accident almost concurrent with its happening.

Upon seeing several physicians, and after an open biopsy of his left wrist was performed, Brooks was diagnosed as having septic arthritis in his left wrist. Brooks last worked for Seward on June 14, 1988. He testified that he did some drywall work in September, 1988 but quit because his wrist condition rendered him unable to do the work adequately.

Brooks further testified that he never told Ellis about the injury because he did not know that he was supposed to, but did tell Seward about it on either April 26, 1988 or April 27, 1988. Seward, however, testified that he did not know anything about Brooks' accident until July 25, 1988 when his wife informed him of this fact based on a letter Brooks had written concerning a dispute over the amount of his final paycheck. Mrs. Seward testified that, following receipt of Brooks' letter, she telephoned him, and at that time Brooks told her that Seward had helped him clean out the wound at the time of the injury and had refused to take him to the hospital. Graham Edward Ellis testified that he was first notified of the accident on July 25, 1988 or July 26, 1988. He stated that he then contacted Ron Wagner, who could not remember the incident. The evidence also showed that one day before Brooks' accident, a co-worker was injured in a similar incident and was taken by Seward to the hospital.

Ralph Lee, an employee of Olympic Development Corporation, who was hired by Wagner to work on the Wagner job site, testified that he helped Ron Wagner clean Brooks' wound on the day of the accident. Lee further testified that he informed Seward and Ellis of the injury within seven working days of the accident.

Ron Wagner testified that, while he remembered giving help to one of Seward's employees who had shot a nail into his thumb, he could not remember that person's appearance or name. Wagner also testified that because he knew accident forms had to be filled out by subcontractors, he believed he mentioned the incident to both Ellis and Seward within "a couple of weeks" after it occurred, although he could not remember any specific details.

After reviewing all of the evidence given at two hearings, the deputy commissioner entered an award against Wagner because it had actual notice of the injury within the thirty day notice period required by Code § 65.1-85. However, the deputy commissioner dismissed the claim as to Ellis and Seward, finding that neither had been provided timely notice of the injury, and that they had been prejudiced as a result because Brooks' disability resulted from an infection which developed due to a lack of treatment. The deputy commissioner also found that an employee may claim against any statutory employer in the ascending employment hierarchy, and that, therefore, Brooks' claim against Wagner was valid even though Ellis was his first statutory employer going up the employment scale. On review, the full commission affirmed the findings of the deputy commissioner as to notice to Wagner and lack of notice to Ellis and Seward. It did not reach the issue of prejudice, however, since it found that Brooks had failed to establish a reasonable excuse for failure to notify Ellis and Seward as required by the statute. The commission also found that an employee may claim against any statutory employer in the ascending hierarchy of employment and, therefore, it held that Brooks' claim against Wagner was valid. This appeal followed.

■ On appellate review, the factual findings of the commission are binding if they are supported by credible evidence. *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding. *Franklin Mortgage Corp. v. Walker*, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc). In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses. *Jules Hairstylists, Inc. v. Galanes*, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985).

In the case before us, the commission found that Ellis and Seward did not receive notice of Brooks' injury within thirty days of the accident. The employer argues that this factual finding is not supported by credible evidence. We disagree. Brooks testified that he did not report his injury to Ellis. Ellis testified that he did not learn of Brooks' injury until July 25, 1988 or July 26, 1988, approximately two months after the injury had occurred. Although Ralph Lee testified that he had informed Ellis of the injury within the statutory period, Ellis denied that Lee had done so. Ron Wagner testified that he had a general recollection that he had told Ellis of Brooks' injury within "a couple of weeks" of its occurrence. From this conflicting evidence, the commission apparently accepted the testimony of Brooks and Ellis on this issue. We find that this testimony was credible evidence in support of the commission's finding that Ellis did not receive notice of the injury within the statutory period. Accordingly, we will not disturb that finding on appeal. *Virginia Polytechnic Inst. & State Univ. v. Wood*, 5 Va. App. 72, 74, 360 S.E.2d at 376, 377 (1987).

We also find credible evidence in support of the commission's finding that Seward did not receive notice of Brooks' injury within the thirty day notice period of Code § 65.1-85. Both Seward and his wife testified that they did not learn of Brooks' injury until July 25, 1988, when they received a letter from Brooks. Conflicting evidence was presented on this point from Ralph Lee and Ron Wagner, as well as from Brooks himself. Lee and Wagner both testified that they discussed Brooks' injury with Seward within thirty days of the accident, although Wagner could not give any specific account of the circumstances of his communication to Seward. Although the evidence was in direct conflict on the issue of notice to Seward, we find that the testimony of Seward and his wife was credible evidence in support of the commission's finding that Seward did not receive notice within the thirty day statutory notice period. Therefore, we will not reverse that finding on appeal. *Id.*

Wagner next argues that the commission erred in finding that Brooks failed to establish a reasonable excuse for not giving Ellis and Seward notice of the injury. Wagner also contests the deputy commissioner's finding that Ellis and Seward were prejudiced as a result of not receiving timely notice since they did not have an

opportunity to provide medical attention to Brooks. The commission did not reach the issue of prejudice, however, based on its finding that Brooks failed to establish a reasonable excuse for not notifying Ellis and Seward. We find that the record supports the commission's finding and, therefore, we do not review the evidence of prejudice in the record.

The employee has the burden of proving a reasonable excuse for failing to give timely notice of any injury. *Lucas v. Research Analysis Corp.*, 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969). Brooks testified that he did not notify Ellis because he did not know that he was supposed to do so, and that he did not consider Ellis to be his boss. There was no testimony, however, that Brooks was unaware of the employment relationship between Ellis and Seward. Further, Brooks testified that Ellis performed a supervisory role, in that Brooks would seek out Ellis as well as Seward for help with questions or problems he had concerning the work. Finally, Brooks testified that he believed that Ellis was present on the job site on the day of his injury. Based on this record, we find that the commission did not err in finding that Brooks failed to meet his burden of establishing a reasonable excuse for failing to notify Ellis.

We also find that the commission did not err in finding that Brooks failed to establish a reasonable excuse for failing to notify Seward. In addressing this issue, we need go no further than to note that Brooks contended throughout the proceedings before the commission that he did give Seward timely actual notice. Therefore, he never attempted to establish a reasonable excuse, and the commission did not err in finding that he failed to establish such excuse.

We do not address Wagner's argument that it was excused from notifying Ellis and Seward because the injury appeared minor, since this argument was not made before the commission. *Green v. Warwick Plumbing & Heating Corp.*, 5 Va. App. 409, 413, 364 S.E.2d 4, 6, *appeal dismissed*, 371 S.E.2d 7 (1988).

Finally, we find that the commission did not err in imposing liability on Wagner, the general contractor, when Ellis was the first insured subcontractor over Brooks in the employment hierarchy. The commission made a factual finding that Ellis did not receive timely notice of Brooks' injury. In *Race Fork Coal Co. v.*

*Turner*, 237 Va. 639, 644, 379 S.E.2d 341, 343-44 (1989), the Supreme Court held that the notice requirement of Code § 65.1-85 applies to both actual and statutory employers. If a claim is made against both actual and statutory employers, notice to each employer is required. *Id.* Therefore, we find that Ellis, even though it was the first insured subcontractor above Brooks in the employment hierarchy, was not liable for compensation benefits since it did not receive notice of the injury as required by Code § 65.1-85.

■ Wagner argues, nevertheless, that an injured employee may only claim against the first insured statutory employer in the ascending hierarchy of employment. Thus, Wagner contends that since Ellis was the first insured subcontractor in the hierarchy above Brooks, Wagner cannot be held liable to pay compensation benefits. In support of its argument, Wagner cites authority from other jurisdictions, in addition to asserting that such a policy is consistent with *Sykes v. Stone & Webster Engineering Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947). We find no merit in Wagner's argument. In *Sykes*, the Supreme Court explained the overall purpose of the statutory employer statutes. It specifically held that one purpose of the statutes was "to make liable to every employee engaged in that work every such owner, or contractor, and subcontractor, above such employee." *Id.* at 122, 41 S.E.2d at 472. We find that this stated purpose squarely addresses the situation presented in the case before us. Seward was uninsured. Ellis did not receive notice of the injury as required by statute. Wagner received timely notice and was in a position both to see that Brooks got medical treatment and to notify Seward and Ellis of the injury. Therefore, in accordance with the policy articulated in *Sykes*, Wagner cannot avoid liability simply because another insured statutory employer (Ellis) preceded it in the ascending employment hierarchy.

Finally, we do not address the issue of whether Wagner is entitled to indemnification from Ellis and Seward. Indemnification was not an issue before the commission and, therefore, is not a proper subject of this appeal. *See Green v. Warwick Plumbing & Heating Corp.*, 5 Va. App. at 412-13, 364 S.E.2d at 6.

For the reasons stated, we affirm the commission's decision.

*Affirmed.*

Coleman, J., and Moon, J., concurred.