COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judge Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


UNINSURED EMPLOYERS' FUND

v.   Record No. 1965-95-4                 MEMORANDUM OPINION[*] BY
                                          JUDGE CHARLES H. DUFF
DEHANG CHEN                                   MARCH 19, 1996


                                    FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          Paul S. Stahl, Assistant Attorney General
          (James S. Gilmore, III, Attorney General;
          John J. Beall, Jr., Senior Assistant
          Attorney General, on brief), for appellant.
          Dehang Chen, pro se.


     Uninsured Employers' Fund appeals from a decision in which

the Workers' Compensation Commission affirmed the deputy

commissioner's award of medical benefits to Dehang Chen (Chen).

The commission found that Chen suffered a work-related injury to

his head when he walked into a parking sign after delivering food

for his employer, owner of the New Beijing Restaurant.  The issue

presented in this appeal is whether the commission erred in

finding that Chen suffered a work-related injury to the right

side of his head from walking into a parking sign when the

medical records indicate Chen was treated for an injury on the

left side of his head caused by hitting a pipe or bar.  We affirm

the commission's decision.

     Chen delivered food for the New Beijing Restaurant.  On
_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

August 2, 1993, Chen was returning to the restaurant after making a delivery when he walked into a parking sign. Chen stated that he hit the right side of his head on the sign, and felt pain and saw "stars." Chen told his employer that he hit the right side of his head on a parking sign and pointed to the right side of his head. His employer did not see any marks or swelling on Chen's head.

On August 9, 1993, Chen sought medical treatment for this injury, complaining of headache, nausea, and garbled speech. The initial history form states that Chen was "struck on the front part of his head by a metal bar which fell." Other medical records indicate that Chen hit his head on a "low running pipe." Chen was diagnosed as suffering a left posterior parietal intercerebral hematoma, likely to be "at least one week old." This diagnosis was consistent with Chen's symptoms.

On appellate review, the factual findings of the commission are binding if they are supported by credible evidence. Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991); James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding. Franklin Mortgage Corp. v. Walker, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the

2

preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc., 12 Va. App. at 894, 407 S.E.2d at 35.

The commission found that Chen established that the work-related injury to his head necessitated the medical treatment he sought seven days after the accident. The Uninsured Employers' Fund argues that this factual finding is not supported by credible evidence. We disagree. Chen testified that he injured the right side of his head by walking into a parking sign. He reported these facts to his employer. A week later, when Chen sought medical treatment, he was diagnosed as having a head injury, likely to be "at least one week old." Chen was not fluent in English. His testimony before the deputy commissioner and the "history" given to his health care providers was through a translator. Chen's symptoms included garbled speech. The commissioner reasonably inferred that the inconsistencies, regarding which side of his head was injured and by what, were caused by translation and speech problems. The commission's findings of fact are supported by credible evidence and the inferences drawn from those facts are reasonable.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3