COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


MURRAY ELECTRICAL PRODUCTS
AND
TRAVELERS INDEMNITY COMPANY                MEMORANDUM OPINION[*]
 OF ILLINOIS                                    PER CURIAM
                                            JANUARY 7, 1997
v.   Record No. 1860-96-3

PATRICIA ANN CRAWFORD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (William Orr Smith, on briefs), for
              appellants.

              (Roger A. Ritchie; Roger A. Ritchie &
              Partners, P.L.C., on brief), for appellee.


     Murray Electrical Products and its insurer contend that the

Workers' Compensation Commission erred in finding that Patricia

Ann Crawford proved she sustained an injury by accident arising

out of and in the course of her employment on November 23, 1994.

 Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

          In rendering its decision, the commission found as follows:
                    At the hearing on July 13, 1995, the
               claimant clearly described the sudden onset
               of pain as she sat down at her workstation
               after returning with a pan of hubs which she
               had just removed from a barrel.  The onset of
               pain was sudden and commenced almost
               immediately upon her removal of the hubs from
               the barrel, which was necessary to tip in
               order to "rake" them out.  The weight of the

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

pan of hubs was reported to Dr. Brothers as being some 30 to 40 pounds. The injury itself is documented by the medical evidence.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Crawford's testimony provides credible evidence to support the commission's finding that she proved an identifiable incident resulting in a sudden mechanical change in her body. Thus, that finding is conclusive on this appeal. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered the various medical histories and Crawford's recorded statement, and the commission resolved any inconsistencies in this evidence in favor of Crawford. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

For the reasons stated, we affirm the commission's decision.

2

Affirmed.