COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Overton
Argued at Richmond, Virginia


BRYON LEE WEST
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1556-96-2     JUDGE ROSEMARIE ANNUNZIATA
                                           JANUARY 28, 1997
BEST PRODUCTS COMPANY, INC.
 AND HARTFORD UNDERWRITERS
 INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            B. Mayes Marks, Jr. (B. Mayes Marks, Jr.,
            P.C., on brief), for appellant.

            P. Dawn Bishop (Sands, Anderson, Marks &
            Miller, P.C., on brief), for appellees.


     Claimant, Bryon Lee West, worked as a warehouseman for

employer, Best Products Company, Inc., for twenty years; in

February 1993 he suffered a compensable injury.  Claimant

initially received temporary total disability benefits, which

were reduced to temporary partial benefits upon his return to

selective employment provided by employer in March 1993.  In May

1993, the temporary partial benefits were suspended when claimant

resumed earning his pre-injury wage.  Employer discharged

claimant on December 31, 1994, and claimant thereafter applied

for a resumption of benefits.  The commission denied his claim,

finding claimant had been discharged for "justified cause."

Finding no error, we affirm.

            When a disabled employee is discharged

---

            [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> from selective employment, the "inquiry focuses on whether the claimant's benefits may continue in light of [the] dismissal." An employee's workers' compensation benefits will be permanently forfeited only when the employee's dismissal is "justified," the same as any other employee who forfeits her employment benefits when discharged for a "justified" reason.

Eppling v. Schultz Dining Programs, 18 Va. App. 125, 128, 442 S.E.2d 219, 221 (1994) (quoting Richmond Cold Storage Co. v. Burton, 1 Va. App. 106, 111, 335 S.E.2d 847, 850 (1985)). "The reason for the rule is that the wage loss is attributable to the employee's wrongful act rather than the disability." Timbrook v. O'Sullivan Corp., 17 Va. App. 594, 597, 439 S.E.2d 873, 875 (1994).

An employee's "wrongful act" is the linchpin for a "justified" discharge—one which warrants forever barring reinstatement of workers' compensation benefits. See Eppling, 18 Va. App. at 128-29, 442 S.E.2d at 221-22. Simply identifying or assigning "a reason attributable to the employee as the cause for his or her being discharged" is not sufficient to establish a forfeiture of benefits. Id.

In the present case, the commission found that claimant's excessive tardiness provided employer "justified cause" to discharge him. That finding involves a mixed question of law and fact reviewable on appeal. E.g., Helmick v. Economic Development Corp., 14 Va. App. 853, 855, 421 S.E.2d 23, 24 (1992). However, we are bound by the commission's underlying findings of fact if

- 2 -

credible evidence supports them.

The commission found that claimant was terminated for cause because of excessive tardiness, noting that he had "compiled an unacceptable record of tardiness" from May 1993 through December 1994. Documentary evidence as well as the testimony of claimant's supervisor showed that claimant had been admonished for tardiness in October 1993, March 1994, April 1994, August 1994 and as early as 1984. The supervisor described claimant's tardiness as "chronic" and "habitually [occurring] throughout his tenure." The evidence shows that claimant's tardiness followed a pattern. After being admonished, claimant would at first report on time. Gradually, however, claimant's tardiness would resume until it reached nearly four of five days a week, at which point he would again be admonished. Each time he was admonished, claimant was told that his tardiness would lead to a three-day suspension and eventual termination. Claimant was suspended because of his tardiness for one day in March 1994. With each subsequent admonishment, claimant was notified that continued tardiness would result in a three-day suspension. Claimant agreed that he had a "heck of a lot of problems [with tardiness] prior to [August 1994.]" Claimant's supervisor and another representative of employer both testified that claimant was terminated due to his excessive tardiness. Claimant did not receive a three-day suspension.

Claimant argues that the case must turn on the evidence of

his tardiness subsequent to August 1994, during which period he testified that he had no further tardiness problems.  Claimant further described a performance evaluation conducted in September 1994 which did not address tardiness and which relayed that he was doing a "real, real, good job."

Notwithstanding the absence of evidence documenting claimant's tardiness subsequent to August 1994, credible evidence supports the commission's finding that claimant was discharged for cause.  The evidence established patterns of tardiness over a prolonged period and repeated admonishment by employer that continued tardiness would result in termination.  Furthermore, the commission was entitled to credit the testimony of employer's representatives that claimant had been discharged as a result of his tardiness.

Other evidence, namely claimant's testimony that his tardiness had ceased subsequent to August 1994 and the fact that employer did not suspend claimant for three days as it had warned, arguably supports the proposition that employer fired claimant for reasons unrelated to his tardiness.  However, that contrary evidence may appear in the record "is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enterprises, Inc. V. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).[1]

[1]In his brief, claimant argues that employer condoned his tardiness by not discharging him for four months following the last evidence of his tardiness.  See Robinson v. Hurst Harvey Oil, Inc., 12 Va. App. 936, 407 S.E.2d 352 (1991).  However, this

The commission further found claimant's discharge for cause was "justified."  The commission found no evidence that claimant's tardiness resulted from events or circumstances beyond his control.  Cf. Eppling, 18 Va. App. at 129-30, 442 S.E.2d at 222.  Claimant testified that his tardiness resulted from his taking medication, Lodine, for his work-related injury.  He claimed the Lodine made him tired and sluggish and resulted in his having difficulty getting to work on time.  The commission affirmed the deputy commissioner's finding that claimant's testimony concerning the side effects of his medication was unpersuasive to explain his chronic tardiness.  Furthermore, no evidence proved that the claimant sought to have his physician adjust his medication.  Thus, the commission was entitled to discredit claimant's testimony, and we find no further support for the suggestion that claimant's tardiness resulted from the Lodine or any other factor beyond claimant's control.

The decision of the commission is accordingly affirmed.

Affirmed.

(..continued)
argument is procedurally barred; no reference to condonation was made before either the deputy commissioner or the full commission.  Rule 5A:18.