COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


VULCAN MATERIALS COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 1886-96-2           BY JUDGE MARVIN F. COLE
                                         FEBRUARY 18, 1997
CHARLES LEE CRAWFORD


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Benjamin J. Trichilo (Trichilo, Bancroft,
            McGavin, Horvath & Judkins, P.C., on briefs),
            for appellant.

            James A. Kline, IV (Eck, Collins & Marstiller
            Affiliated Law Offices, on brief), for
            appellee.


     Vulcan Materials Company (Vulcan) appeals from a decision of

the Workers' Compensation Commission awarding Charles Lee

Crawford the cost of chiropractic treatments for as long as

necessary.  The question presented on this appeal is whether the

need for and cost of chiropractic treatments are supported by

credible evidence.  We affirm the commission's decision.

     On August 30, 1991, Crawford was injured when the rear axle

shaft of the company truck he was driving broke, causing the

truck to crash into a quarry wall.  On August 20, 1993, the

commission entered an award for Crawford for "the payment of all

reasonable and necessary medical treatment causally related to

the August 30, 1991 accident for as long as necessary."

―――――――――――――――
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Dr. Donald MacNay, an orthopedic specialist and Crawford's treating physician, opined that Crawford's back pain was a result of the August 30, 1991 accident. Dr. MacNay referred Crawford for chiropractic treatment at Carlton Chiropractic. Carlton Chiropractic performed a spinal manipulation, mechanical traction, and electric stimulation on Crawford.

Dr. Joseph Linehan conducted an independent evaluation of Crawford. Linehan found "no reparative value to these chiropractic treatments." Linehan stated that the treatment charges were 25% higher than a physical therapist would charge, and that usually three to four weeks of treatment were sufficient. In Dr. Linehan's opinion, Crawford's back pain was due to spondylolisthesis, and not to the August 30, 1991 accident.

On July 10, 1996, the commission found Vulcan responsible for the costs of chiropractic treatments received between October 1994 and May 1995, as recommended by Dr. MacNay. On July 26, 1996, the commission amended its award, making Vulcan responsible for the costs of these treatments for as long as necessary.

On appellate review, the factual findings of the commission are binding if they are supported by credible evidence. Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991); James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). The fact that there is contrary evidence in the record is no consequence if there is credible

2

evidence to support the commission's finding.  Franklin Mortgage Corp. v. Walker, 6 Va. App. 108, 110-11, 367 S.E.2d 191, 193 (1988) (en banc).  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc., 12 Va. App. at 894, 407 S.E.2d at 35 (citing Jules Hairstylists, Inc. v. Galanes, 1 Va. App. 64, 69, 334 S.E.2d 592, 595 (1985)).

The commission, recognizing that chiropractic treatment would not be Dr. Linehan's choice, found Vulcan responsible for the costs of chiropractic treatments as recommended by Dr. MacNay, Crawford's treating physician.  Vulcan argues that this award is not supported by credible evidence.  We disagree.  Dr. MacNay determined that Crawford's back pain was a result of the August 30, 1991 accident.  The record shows that Dr. MacNay thought chiropractic treatment was warranted and noted that Crawford's back had been helped by the treatment.  Dr. MacNay continually reevaluated Crawford's condition and found the continuing treatment to be reasonable and necessary.  The record shows that the fees charged for the treatments were not excessive.  The commission's findings of fact are supported by credible evidence.

For the reasons stated, we affirm the commission's decision.

                                                    Affirmed.

3