COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

WISE COUNTY BOARD OF SUPERVISORS
AND
VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION                  MEMORANDUM OPINION[*]
                                                PER CURIAM
v.   Record No. 2923-96-3                     APRIL 22, 1997

MICHAEL LIPPS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (James R. Hodges; White, Bundy, McElroy,
            Hodges & Sargent, on briefs), for appellants.

            (Paul L. Phipps; Lee & Phipps, on brief), for
            appellee.


     Wise County Board of Supervisors and its insurer
(hereinafter collectively referred to as "employer") contend that
the Workers' Compensation Commission (commission) erred in
finding that (1) Michael Lipps (claimant) proved that he
sustained an injury by accident arising out of and in the course
of his employment on March 14, 1995; and (2) claimant proved that
his left knee injury was causally related to the March 14, 1995
injury by accident.  Upon reviewing the record and the briefs of
the parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

     Claimant, a deputy sheriff, asserted that he injured his

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

left knee while engaged in training exercises at work.  The commission found claimant's testimony credible, and "not impeached by the medical records despite some minor inconsistencies."  In addition, the commission found that Dr. Robert T. Strang, Jr. causally linked the incident to claimant's injury and disability.  In rendering its decision, the commission found as follows:

> Although the Deputy Commissioner found that the claimant's testimony regarding a sudden injury is impeached by the medical records, we do not agree.  A credibility determination by the Deputy is not binding on the Commission, although we will not arbitrarily reject it.  The claimant's uncontradicted testimony is that he felt a pop in his knee, fell to the floor, and was sent to the bleachers to rest.  The emergency room report four days later indicates that he thought he might have strained it during the exercise program at work, although he did not notice a bruise until the day before. Although he denied trauma, this may reflect the lack of trauma at the time he noticed the bruise, or the lack of a certain type of traumatic event.  Dr. [R. M.] Moore's records refer to the exercise training, although there is no mention of a specific incident. It is, however, well established that the failure of a medical record to duplicate in detail the particulars of an accident will not necessarily rebut the credible testimony of a claimant.  Dr. Strang's medical records corroborate the claimant's testimony, albeit with the wrong date.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural</u>

change in the body." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Claimant's testimony, which was corroborated by Dr. Strang's medical history, provides credible evidence to support the commission's finding that claimant proved an identifiable incident resulting in a sudden mechanical change in his body. In addition, Dr. Strang's medical records provide credible evidence to support the commission's finding that claimant proved a causal connection between the March 14, 1995 injury by accident and his knee injury and subsequent disability. Thus, those findings are conclusive on this appeal. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered the various medical histories and resolved any inconsistencies in this evidence in favor of claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." <u>Id.</u>

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>