COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


CLINTON'S REPAIR SERVICE, INC.
AND
ERIE INSURANCE EXCHANGE                 MEMORANDUM OPINION*
                                           PER CURIAM
v.    Record No. 0133-97-3              JULY 1, 1997

TERRY WILLIAM LESTER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Christopher M. Kite; Monica L. Taylor;
            Gentry, Locke, Rakes & Moore, on brief), for
            appellants.

            (Ginger J. Largen; Morefield, Kendrick, Hess &
            Largen, on brief), for appellee.


     Clinton's Repair Service, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Terry William

Lester proved he sustained an injury by accident arising out of

and in the course of his employment on March 12, 1996.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

        In rendering its decision, the commission found as follows:
            [Lester] credibly testified in detail that he
            felt an initial "tug" in his right groin
            while climbing onto a bulldozer after
            lunchtime.  Both the hearing and deposition
            testimony reveal that after the bulldozer was
            fixed, [Lester] experienced increasing,
            though not constant, pain, requiring [Lester]

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

to exit the truck at Shorts Gap, and finally present to the emergency room after returning home. The recorded statement similarly documents this increasing pain beginning after fixing a dozer, and [Lester] has explained that he did not relate the initial "tug" because he was focused on the development of severe pain later on.

Significantly, at the hospital on the evening of March 12, 1996, Dr. Chavez reported a history of <u>sudden</u> pain while climbing up a dozer, which corroborates [Lester's] testimony. Dr. Chavez's reports also establish the requisite causal connection between the work incident and the diagnosis of testicular torsion requiring emergency surgery. The more general history reported by Dr. Patel consistently documents a sudden pain at work which also supports a finding of <u>sudden</u> injury.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." <u>Id.</u>

In rendering its decision, the commission considered the

2

various medical histories, Lester's statements to his employer, and Lester's recorded statement.  The commission resolved any inconsistencies in this evidence in favor of Lester.  Lester's testimony, which is corroborated by contemporaneous medical reports, provides credible evidence to support the commission's finding that he proved an identifiable incident.  Lester's testimony and the medical evidence proved that the incident caused a sudden mechanical change in his body.  The commission so found.  Thus, those findings are conclusive on this appeal.  <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).  Those findings are sufficient to prove injury by accident arising out of employment.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>