COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


BOBBY HAY, T/A UP FRONT PAINTING

                                        MEMORANDUM OPINION[*]
v.    Record No. 1196-97-3                  PER CURIAM
                                        SEPTEMBER 30, 1997
DANNY EUGENE POWELL


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Robert M. McAdam; David W. Hearn; Wooten &
              Hart, on brief), for appellant.

              (Thomas N. Key; Neil E. McNally; Key & Tatel,
              on brief), for appellee.


     Bobby Hay, t/a Up Front Painting (employer), contends that

the Workers' Compensation Commission erred in finding that (1)

Danny Eugene Powell proved he sustained an injury by accident

arising out of and in the course of his employment on November 6,

1995; (2) employer regularly employed three or more painters,

rendering it subject to the jurisdiction of the Workers'

Compensation Act ("the Act"); and (3) Powell remained totally

disabled since the November 6, 1995 accident, and, therefore, had

no duty to market his residual work capacity.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

──────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

Powell testified that while working for employer he lost his balance on the edge of a roof and fell approximately twelve feet to the ground below. As a result, Powell injured his right foot. Dr. Richard Whitehill diagnosed Powell as suffering from a dislocated ankle and a fractured heel. Dr. Whitehill performed surgery to correct these conditions.

In rendering its decision, the commission adopted and affirmed the deputy commissioner's findings. The deputy commissioner found as follows:

> No testimony was presented which would meaningfully contradict [Powell's] account of his accident, which we hereby adopt as our own. Although counsel for Bobby Hay inferred that [Powell] fell because he was under the influence of Valium, that inference was advanced in an evidentiary vacuum, and is unpersuasive. [Powell] said that he last took Valium the day before he was hurt, no medical evidence has been filed that he was impaired, and the fact that he was able to work nearly the entire shift until the mishap occurred convinces us that his injury was accidental, rather than self-imposed.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Powell's testimony and the medical records provide credible evidence to support the commission's finding that Powell proved an identifiable incident resulting in

2

a sudden mechanical change in his body. Thus, that finding is conclusive on this appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered and rejected employer's speculative contention that Powell fell due to ingesting valium. No evidence supported this contention. Moreover, "in determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II.

Code § 65.2-101(2)(h) provides that an employer who has three or more employees "regularly in service" is subject to jurisdiction under the Act.

Powell testified that employer employed three or more painters over an extended period of time before Powell's accident. The commission found Powell to be credible. Furthermore, employer offered no evidence to contradict Powell's testimony. Based upon Powell's unrebutted testimony, we cannot say as a matter of law that employer's evidence proved it was not subject to the commission's jurisdiction under the Act.

## III.

Based on the evidence regarding Powell's disability, the deputy commissioner found as follows:

[Powell] was repetitively assessed by Dr.

Whitehill as being "unable to work" during their association.  Once that association ended, [Powell] was followed locally by a succession of orthopedists.  There is no indication from their office notes that they at any point gave [Powell] even a partial work release, and Dr. [Olumide A.] Danisa specifically indicated on April 24, 1996 that he expected his patient to be "off work for 6-12 months."  It is by no means determinative that Dr. [Dallas P.] Crickenberger did not similarly assess [Powell] in his recently filed narrative report since, as the orthopedist candidly acknowledged, "there was no discussion regarding" his patient's "work status" upon the one occasion he examined him on July 31, 1996.

The commission affirmed and adopted the deputy commissioner's finding that Powell remained totally disabled since the November 6, 1995 accident.  The medical records of Drs. Whitehill and Danisa, along with Powell's testimony, provide credible evidence to support the commission's findings, which we will not disturb on appeal.  Because the evidence supports the commission's decision, Powell had no residual work capacity to market.

For these reasons, we affirm the commission's decision.

Affirmed.

4