COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


CARL R. CRAWFORD
                                   MEMORANDUM OPINION[*] BY
v.        Record No. 2486-97-3     JUDGE NELSON T. OVERTON
                                         MAY 5, 1998
VIRGINIA RETIREMENT SYSTEM


        FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                  Richard S. Miller, Judge

        John E. Falcone (Smith & Falcone, on briefs),
        for appellant.

        Robert L. Walker, Assistant Attorney General
        (Richard Cullen, Attorney General; Brian J.
        Goodman, Assistant Attorney General, on
        brief), for appellee.


        Carl R. Crawford (claimant) was denied disability retirement

pursuant to Code § 51.1-156(B) because the Virginia Retirement

System (VRS) concluded he was not injured.  He contends on appeal

that 1) VRS was bound by a previous award from the Virginia

Workers' Compensation Commission (VWCC) which stated that

claimant was entitled to workers' compensation disability

benefits and 2) the VRS finding lacks substantial evidence to

support it.  Because we find that VRS is not bound by VWCC

disability awards and there is substantial evidence to support

the VRS finding, we affirm.

        The parties are fully conversant with the record in this

case and because this memorandum opinion has no precedential

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

value, no recitation of the facts is necessary.

Claimant argues Code § 51.1-157(B)[1] "requires VRS to defer to and adopt a Workers' Compensation award" when the VWCC has found an applicant is disabled. Subsection (B) speaks to calculation of disability retirement benefits <u>after</u> disability has been established, not before. We find nothing in this section nor any other code provision which supports claimant's argument. VRS retirement benefits are based on "medical examination or a review . . . of pertinent medical records," Code § 51.1-156(E), not the decision of another administrative agency.

Claimant's second contention, that VRS's denial lacks substantial evidence in support, is equally misplaced. VRS is required to use a Medical Board to certify that a claimant is

---

[1]Code § 51.1-157(B) states:

> Workers' compensation guarantee. – If a member retires for disability from a cause which is compensable under the Virginia Workers' Compensation Act (Sec. 65.2-100 et seq.), the amount of the annual retirement allowance shall equal sixty-six and two-thirds percent of the member's average final compensation if the member does not qualify for primary social security benefits under the provisions of the Social Security Act in effect on the date of his retirement. If the member qualifies for primary social security benefits under the provisions of the Social Security Act in effect on the date of his retirement, the allowance payable from the retirement system shall equal fifty percent of his average final compensation. A member shall be entitled to the larger of the retirement allowance as determined under the provisions of subsection A or under the provisions of this subsection.

incapacitated, the disability is permanent and the claimant should be retired. Code § 51.1-124.23(B)(3). Our review of this determination asks only whether there was substantial evidence to support it. Code § 9-6.14:17. "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Va. Real Estate Comm. v. Bias</u>, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).

Dr. William Andrews found claimant was permanently disabled. Drs. Morris McCrary and Gregory Helm found he could perform all of the duties listed in his job description. VRS chose to believe the opinions of Drs. McCrary and Helm and lend less weight to Dr. Andrews, as it was entitled to do. <u>See</u> <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) ("the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses"). The opinions of two medical doctors is adequate to support VRS's decision.

For the foregoing reasons, the denial of claimant's application for disability retirement is affirmed.

<u>Affirmed.</u>