COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

RUTH A. FIFER

                                        MEMORANDUM OPINION[*]
v.    Record No. 2924-97-3                PER CURIAM
                                         AUGUST 25, 1998
VIRGINIA RETIREMENT SYSTEMS


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    John J. McGrath, Jr., Judge

            (Grant A. Richardson, on brief), for
            appellant.

            (Mark L. Earley, Attorney General; Michael K.
            Jackson, Senior Assistant Attorney General &
            Chief; Brian J. Goodman, Assistant Attorney
            General, on brief), for appellee.


     Ruth A. Fifer, appellant, was denied disability retirement

from the Virginia Retirement System (VRS) pursuant to Code

§ 51.1-156(E).  On appeal, appellant contends that there was

insufficient evidence in the record to support the VRS's decision

that her disability was not likely to be permanent.  Because we

find that there is substantial evidence to support the VRS's

finding, we summarily affirm.  <u>See</u> Rule 5A:27.

                            <u>Background</u>

     Appellant was employed as a school teacher for about thirty

years when she obtained an unpaid leave of absence to care for

her elderly parents.  During the leave of absence, appellant had

one or more operations for various sinus conditions.  On April

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

20, 1996, in her first application for disability, appellant asserted that she suffered from fibromyalgia and leukoaraiosis. She stated that she was unable to perform her teaching duties because she was in bed eighteen hours per day, she suffered dizziness, nausea, constant body aches, chronic fatigue, unpredictable vision, uncontrollable seizure-like chills, fluctuating fever, thumping headaches, watery diarrhea, and dry-mouth. She also said that she was unable to concentrate. Reports from her treating neurologist, Glen E. Deputy, M.D., confirmed most of these complaints.

On June 6, 1996, the VRS denied appellant disability based on the Medical Board's finding that "[n]o evidence of disabling disease is presented." The Medical Board also found that appellant was not "felt to be permanently disabled." Appellant appealed this decision, and the Medical Board requested that Morris E. McCrary, III, a neurologist, examine appellant.

Dr. McCrary examined appellant on or about September 17, 1996. He noted that she reported a large number of complaints, but that she had "a relatively normal objective neurologic examination." He further stated:

> I am hard pressed to say that I have physical findings, consistent history or studies that would denote a degree of function or specific limitation that would permanently prevent her from performing her duties as a teacher as described in her disability information questionnaire. As to the question of chronic fatigue syndrome and fibromyalgia, I find little to support this, but I would defer to evaluation by a qualified rheumatologist if indicated.

The VRS again denied appellant's request for disability benefits based on the Medical Board's recommendation, and appellant appealed. On April 2, 1997, an informal fact-finding hearing was held. The hearing examiner examined medical records and heard oral testimony from appellant and another witness who had observed appellant's behavior over the past eight years.

Appellant presented evidence of treatment notes and diagnoses performed by Dr. Deputy. Dr. Deputy opined that appellant suffered from fibromyalgia, carpal tunnel syndrome, chronic fatigue syndrome, and neuropathy. However, Dr. Deputy did not state whether, in his opinion, her illnesses were permanent in nature. Over the course of his treatment of appellant, Dr. Deputy prescribed numerous medications for appellant, many of which appellant claimed caused side effects. He noted after her April 18, 1996 visit, that he was "hopeful we can get her feeling better over the next few months." His notes from February 20, 1997 indicated that her "[r]ight peroneal neuropathy, [had] improved from a previous study obtained last April." He also stated in this report that "[h]er conditions are improving" and that she was "improving symptomatically" with the use of a certain prescription, with which he continued to treat appellant.

On December 6, 1996, Carolyn M. Brunner, M.D., a rheumatology specialist, examined appellant. Dr. Brunner did not comment on the permanency of appellant's condition, but noted

that she found "no gross motor or sensory deficits." She also recommended a continuation of appellant's "supportive care" and suggested that appellant begin an exercise program.

Appellant also presented evidence of her treatment by John T. Glick, M.D., who administered acupuncture treatments on appellant. In a letter to appellant's counsel, Dr. Glick wrote:

> As my approach to [appellant's] complaints was based on the acupuncture model of health and illness, the information you request is not likely to be of use to you. Be that as it may, I certainly can speak to the high degree of disability that she experiences and the weakness along with diminished vitality she evidences. She is, by my experience with her, unable to do more than sedentary activity and ambulates very slowly with a cane. Unless breakthroughs in the treatment of fibromyalgia and chronic fatigue occur, I feel she is permanently disabled.

Appellant also presented evidence from her family doctor, D.L. Perry, M.D. On March 28, 1997, Dr. Perry wrote, "It is my opinion that [appellant] is fully disabled at this time and most likely will continue well into the future unless technology advances to the point where these conditions can be treated successfully."

Pamela Collins, a home health care nurse, testified at the hearing. Collins had never treated appellant, but had been to her home approximately every other week for eight years, treating appellant's bedridden father. Collins opined that appellant was totally disabled, but did not comment on the permanency of her condition.

The hearing officer found that, while the medical evidence was "not overwhelming," it evidenced problems that appellant was experiencing. He found that "[t]he problem is that her physicians can't find the correct combination of treatment in which to help her." The hearing officer also found that, while the evidence showed that appellant was unable at that time to return to her position, "it is not clear that her condition is one of permanency." Thus, the hearing officer found that appellant failed to carry her burden of proof to show that her incapacity is "likely to be permanent." See Code § 51.1-156(E)(ii).

On June 11, 1997, the VRS again denied appellant disability benefits. Appellant appealed this decision to the circuit court. The trial court stated:

> In reviewing the agency record in this case, it is clear that there are two somewhat opposed views on the question of the permanency of [appellant]'s disability. Her treating neurologist, Dr. Deputy, and the specialist[s] to whom she's been referred, Dr. McCrary and Dr. Brunner, have never opined that her disability is permanent in nature. In fact, the totality of their medical records appears to basically analyze the multitudinous complaints of [appellant] and conclude that they do not appear to be based on any objective findings and have proven to be resistant to any drug regimens that have been prescribed to her. . . . The conclusion of these doctors appears to be as stated in the record, that since they cannot really determine the exact identity of the medical illnesses of which [appellant] is suffering, they do not have the requisite knowledge upon which to base a conclusion that the disability is permanent.
> The evidence on the opposite side

consists of Dr. Glick, the family practitioner and acupuncturist, who administered a regimen of acupuncture treatment to [appellant] and based on his observations of [appellant] during that period of time concluded that she was in all likelihood permanently disabled. Dr. Perry, the general practitioner, who was her personal physician, also rendered a short opinion to the effect that he thought her disability was permanent.

Therefore, the record is clearly one where there i[s] considerable evidence on both sides of the issue of whether or not the disabilities currently being suffered by [appellant] are permanent in nature. The Medical Review Board of the VRS has reviewed the record on three separate occasions and each time has concluded that there is no medically sufficient evidence to prove disability. The VRS has, in turn, adopted the position of the Medical Review Board and denied the disability benefits.

The trial court concluded that there was substantial evidence in the record upon which the VRS could base a denial of appellant's claim. Therefore, the trial court denied appellant's appeal.

## Analysis

"The burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Code § 9-6.14:17. The VRS is required to use a Medical Board to certify that a claimant's disability "is likely to be permanent." Code § 51.1-156(E)(ii). Our review of this determination asks only whether there was substantial evidence in the agency record to support the holding of the administrative agency. See Code § 9-6.14:17. "The phrase

'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (citation omitted).

Dr. Glick was the only physician who opined that appellant was permanently disabled. However, he qualified his opinion, stating that it was based on "the acupuncture model of health and illness." Dr. Perry opined that appellant was "fully disabled at this time and most likely will continue well into the future." However, this opinion falls short of a conclusion that appellant's incapacity is "likely to be permanent." Dr. McCrary was "hard pressed to say that [he] had physical findings, consistent history or studies that would denote a degree of function or specific limitation that would permanently prevent [appellant] from performing her duties as a teacher . . . ." Also, Drs. Deputy and Brunner did not opine that appellant's disability was permanent in nature. In fact, Dr. Deputy's notes of February 20, 1997 indicated that appellant showed improvement in certain conditions.

The VRS chose to believe the opinions of Drs. McCrary and Deputy and to lend less weight to Dr. Glick's opinion, as it was entitled to do. See Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) ("[T]he appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the

witnesses.").  The opinions of Drs. McCrary and Deputy are adequate to support the VRS's decision.

For the foregoing reasons, the denial of claimant's application for disability retirement is affirmed.

<u>Affirmed</u>.