COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


GIANT FOOD, INC.
                                   MEMORANDUM OPINION*
v.    Record No. 2668-01-4              PER CURIAM
                                   FEBRUARY 12, 2002
PATRICIA A. GRANINGER


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Samantha D. Vanterpool; Jordan Coyne &
                  Savits, L.L.P., on briefs), for appellant.

                  (James E. Swiger; Swiger & Cay, on brief),
                  for appellee.


     Giant Food, Inc. (employer) contends the Workers'

Compensation Commission erred in finding that Patricia A.

Graninger (claimant) proved that arthroscopic surgery to her

right ankle was reasonable and necessary to treat her

compensable November 12, 1999 injury.  Upon reviewing the record

and the parties' briefs, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     Factual findings made by the commission will be upheld on

appeal if supported by credible evidence.  See James v. Capitol

Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488

(1989).  Furthermore, "[i]n determining whether credible

─────────────────

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In ruling employer was responsible for the cost of arthroscopic surgery recommended by Dr. John A. Bruno, Jr. on or about June 12, 2000, the commission found as follows:

> Dr. Bruno has recommended arthroscopic surgery as a diagnostic and therapeutic tool.  In December 1999, he reported that the claimant's ankle sprain was resolving.  At a January 6, 2000, appointment, Dr. Bruno noted no swelling and improved strength in the ankle.  All of his reports prior to the February 3, 2000, IME reflect that the claimant's mild strain continued to improve.  Dr. [Anthony] Debs attempted to thoroughly examine [claimant] and was met with resistance.  Although the fact that Dr. Bruno's reports before the February 3, 2000, IME reflect that the claimant's strain was improving is troubling, he is her treating physician and is the only physician who has expressed an opinion on the need for surgery.  We are reluctant to substitute our judgment for his judgment on the indication, or lack thereof, for surgery.  Therefore, we find that the claimant has proven that the recommended surgery is reasonable and necessary based on Dr. Bruno's opinion.

Dr. Bruno's opinion, which was consistent with his prior written reports of February 22, 2000 and March 7, 2000, provides credible evidence to support the commission's finding.  As fact finder, the commission was entitled to weigh the medical evidence and to accept the undisputed opinion of the treating

-

physician, Dr. Bruno.  The commission resolved any conflicts in the evidence between claimant's objective findings and Dr. Bruno's recommendation of surgery in favor of claimant. Based upon Dr. Bruno's opinion, the commission could reasonably conclude that the arthroscopic surgery was reasonable and necessary as a diagnostic and therapeutic tool in the treatment of claimant's compensable ankle injury.

Because credible evidence supports the commission's finding, we will not disturb it on appeal.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>