COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Kelsey and Senior Judge Hodges


RHONDA K. DANIEL

                                                            MEMORANDUM OPINION[*]
v.        Record No. 2213-03-3                                      PER CURIAM
                                                            DECEMBER 23, 2003
ATLAS ROOFING d/b/a FALCON FOAM AND
 LUMBERMEN'S UNDERWRITING ALLIANCE


                 FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (James B. Feinman; Fred R. Hagy; James B. Feinman & Associates,
          on brief), for appellant.

          (Scott C. Ford; McCandlish Holton, P.C., on brief), for appellees.


     Rhonda K. Daniel (claimant) contends the Workers' Compensation Commission erred in

denying her claim for benefits on the ground that her injury was caused by her willful

misconduct and/or willful breach of a reasonable rule or regulation of employer, Atlas Roofing

d/b/a Falcon Foam, pursuant to Code § 65.2-306.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     Claimant, who worked as a crew leader for employer on March 1, 2001, sustained an

injury, while in the course of her employment, when her hair was caught in a downcutter

machine.  Employer's Employee Manual and its Safety Manual required production employees

to have their hair restrained in some manner above shoulder length.  Claimant's hair, which was

unrestrained at the time of the accident, fell to the middle of her back.  The Downcutter

Operating Procedures Form, which was affixed to the machine claimant was working on at the

---
     [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

time of her accident, prohibited employees from having any body parts under the machine while it was running. Claimant signed acknowledgement forms on October 15, 1999 indicating that she had received and read the Employee Manual and the Safety Manual.

To establish a willful violation of a safety rule, the employer must prove: (1) the rule was reasonable; (2) the rule was known to the employee; (3) the rule was promulgated for the employee's benefit; and (4) the employee intentionally performed the forbidden act. See Code § 65.2-306.[1] Buzzo v. Woolridge Trucking, Inc., 17 Va. App. 327, 332, 437 S.E.2d 205, 208 (1993); Spruill v. C.W. Wright Constr. Co., 8 Va. App. 330, 334, 381 S.E.2d 359, 360-61 (1989).

On appeal, claimant does not argue that employer's safety rules requiring employees to restrain their hair above shoulder level and to not work under the downcutter machine were not reasonable, that they were not known to her or promulgated for her benefit, or that she did not intentionally perform the forbidden acts. Rather, her sole argument on appeal is that even assuming she received employer's Employee Manual and Safety Manual at the time she was hired, that she knew of safety rules at issue, and that she intentionally violated them, her claim was not barred because the evidence failed to prove that employer strictly enforced the safety rules at issue.

Whether the safety rule was not strictly enforced is a mixed question of law and fact, and the commission's ruling is not binding on appeal. Virginia Elec. & Power Co. v. Kremposky, 227 Va. 265, 270, 315 S.E.2d 231, 234 (1984).

In resolving this issue, the commission found as follows:

> Here, the Deputy Commissioner found that the claimant
> failed to have her hair restrained in some manner above shoulder

---

[1] Code § 65.2-306(A)(5) provides that "[n]o compensation shall be awarded to the employee . . . for an injury . . . caused by . . . [t]he employee's willful breach of any reasonable rule or regulation adopted by the employer and brought, prior to the accident, to the knowledge of the employee . . . ."

length and that she was improperly under the machine while it was moving to the up position in violation of known safety rules. We agree.

\* \* \* \* \* \* \*

The Deputy Commissioner found that the claimant received both the Safety Manual and the Employee Manual. These manuals cite the employer's policy regarding not wearing one's hair down. This policy was designed to prevent injuries. The Deputy Commissioner also found that the Operating Procedures were affixed to the down cutter machine at the time of the claimant's injury. This rule was also designed to prevent injuries. The Deputy Commissioner further found the employer enforced these rules, according to the testimony of the claimant's supervisors and co-workers and he also found that the claimant was aware of these rules, as they were sent [sic] forth in the manuals and posted procedures and also cited to her verbally by Thomas Stovall. According to the testimony, these rules were also discussed at employee meetings and safety meetings.

The Deputy Commissioner believed the testimony of the several witnesses whose testimony supported these findings. She did not accept the testimony of the claimant or Ms. [Candy] Gravitt. The Commission usually accepts the credibility findings of a Deputy Commissioner and the record is insufficient in this case to reverse her decision.

The testimony of Antoinette Waldie, Anna Rose, A.W. Austin, Thomas Stovall, and Kathy Farley, claimant's co-workers and supervisors, supported the commission's finding that the safety rules at issue were well known and enforced by employer prior to claimant's accident.

Waldie testified that Stovall, the Senior Crew Leader, always enforced the rule requiring employees' hair to be restrained above shoulder length. Rose testified that both safety rules were well known within the plant and enforced. Austin testified that the rule prohibiting employees from being under the downcutter machine was well known in the plant and that it was discussed in safety meetings before the claimant's March 1, 2001 accident.[2] Austin also stated that both

---

[2] Claimant admitted that she served on employer's safety committee from October 1999 until at least November 2000.

- 3-

rules were discussed in general plant meetings. Stovall testified that the Downcutter Machine Procedure Form was affixed to the machine before claimant's accident and that the rule requiring employees to restrain their hair was "constantly" enforced. He confirmed that he had verbally reprimanded claimant to restrain her hair at least three times before March 1, 2001 and that he had seen her under the downcutter machine and had verbally reprimanded her for doing so. He also confirmed that the rule prohibiting employees from being under the downcutter machine was discussed in safety meetings before March 2001. He stated that both safety rules violated by claimant were strictly enforced. Farley testified that the safety rules were strictly enforced. Farley also stated that prior to claimant's March 1, 2001 accident, she had given verbal reprimands to employees who did not restrain their hair. Farley denied seeing claimant on the morning of her accident before it occurred.

The commission, as fact finder, was entitled to accept the testimony of Waldie, Rose, Austin, Stovall and Farley, and to reject the contrary testimony of claimant and Gravitt. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Because credible evidence supports the commission's finding that employer enforced the safety rules at issue, we will not disturb that finding on appeal.

For these reasons, we affirm the commission's decision.

Affirmed.