COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

EMPORIA FEED AND SEED, INC.
AND
CONTINENTAL INSURANCE COMPANY                    MEMORANDUM OPINION[*]
                                                     PER CURIAM
v.    Record No. 2849-96-2                        APRIL 22, 1997

DONALD G. HOBBS

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Richard A. Hobson, on brief), for
                appellants.

                (Peter D. Eliades; Marks & Harrison, on
                brief), for appellee.


        Emporia Feed and Seed, Inc. and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission (commission) erred in finding that Donald

G. Hobbs (claimant) proved that he sustained an injury by

accident arising out of and in the course of his employment on

August 22, 1995.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

        Claimant, who works for employer as a counter clerk,

testified that on August 22, 1995, he went to the warehouse to

retrieve bags of feed in order to fill a customer's order.

Claimant stated: "I went in and lifted a hundred pound bag of

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

feed.  And, when I did that I felt a sharp pain in the direct center of my shoulders and in my spine."  Claimant had to lift several bags to fill the order, but maintained that he felt the pain upon lifting the first bag.  When he finished filling the order, claimant reported his injury to his supervisor, Ricky Wood, and his supervisor's secretary.  Tracy Cutliff, claimant's girlfriend and employer's bookkeeper, testified that on August 22, 1995, claimant reported to her that he injured himself lifting a 100 pound bag of feed.

Claimant's initial medical care provider, Dr. Kathryn Bennett, D.C., recorded a history of claimant injuring himself while lifting feed bags.  On October 12, 1995, Dr. Richard Waller, a neurologist, recorded a history of claimant feeling a sharp pain in the center of his back between his shoulder blades when he picked up a feed bag without bending his legs.  Dr. Waller diagnosed a herniated thoracic disc.

In an August 22, 1995 letter to the employer's owner, claimant stated that he pulled muscles in his back while lifting bags of 100 pound feed.  In a September 14, 1995 recorded statement given by claimant to employer's insurance carrier, claimant stated that he could not pinpoint a specific incident that caused his back injury.

Based upon this record, the commission found as follows:
We have carefully considered the evidence and find it preponderates in establishing an injury by accident.  The Deputy Commissioner believed the claimant sustained a noncompensable cumulative trauma

> injury. However, the claimant testified to a specific incident and his testimony is corroborated by the account given to Dr. Waller and the Employer's First Report of Accident. While there is conflicting evidence in the record, we find it establishes an injury by accident.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Claimant's testimony, which was corroborated by Dr. Waller's medical history, provides credible evidence to support the commission's finding that he proved an identifiable incident resulting in a sudden mechanical change in his body. Thus, that finding is conclusive on this appeal. <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In rendering its decision, the commission considered the various medical histories, claimant's letter to employer, and claimant's recorded statement, and the commission resolved any inconsistencies in this evidence in favor of claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary

3

evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Id.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4