COURT OF APPEALS OF VIRGINIA

Present: Judges Fitzpatrick, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


MOBIL OIL CORPORATION AND INSURANCE
 COMPANY OF THE STATE OF PENNSYLVANIA
                                                MEMORANDUM OPINION[*]
v.   Record No. 2830-96-4              BY JUDGE CHARLES H. DUFF
                                                JULY 22, 1997
WALTER E. HURST


                                    FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

          Lisa C. Healey (Siciliano, Ellis, Dyer &
          Boccarosse, on brief), for appellants.

          John J. O'Donnell, Jr., for appellee.


     Mobil Oil Corporation and Insurance Company of the State of

Pennsylvania appeal a decision of the Workers' Compensation

Commission that Walter E. Hurst (claimant) had a continuing

disability and that claimant adequately marketed his residual

capacity.  We uphold both findings and affirm the commission.

     On review, we construe the evidence in the light most

favorable to the party prevailing below.  See R.G. Moore Bldg.

Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788

(1990).  Factual findings of the commission will be upheld on

appeal if supported by credible evidence.  See James v. Capitol

Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488

(1989).  "The fact that there is contrary evidence in the record

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. V. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## I.

On August 17, 1994, claimant injured his neck while working for Mobil Oil. Claimant was treated by several doctors, some of whom recommended claimant's release to full duty with no restrictions. However, claimant underwent an independent medical examination with Dr. Neil Kahanovitz on April 24, 1995. On a Virginia Employment Commission's Request for Physician's Certificate of Health form, dated January 23, 1996, Dr. Kahanovitz wrote that claimant could perform light to sedentary work with no heavy lifting, bending or repetitive twisting. On February 21, 1996, Dr. Roger Gisolfi restricted claimant's ability to work stating that claimant should not handle weights more than twenty pounds.

Based on the reports of Drs. Kahanovitz and Gisolfi, the full commission found "that the evidence preponderates that the claimant remains unable to perform all his duties as an automobile mechanic." Because credible evidence supports this finding, we affirm the commission.

## II.

At the hearing before the deputy commissioner, claimant testified that he made "[a]t least four or five" contacts a week in his attempt to market his residual work capacity. The full

2

commission found that claimant "sufficiently marketed his residual capacity."  The commission's finding is supported by credible evidence, i.e., claimant's testimony, and will not be disturbed on appeal.

Accordingly, we affirm the commission.

Affirmed.