COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Overton


THOMAS MYERCHIN

v. Record No. 0617-97-4

HEART CORPORATION AND
 MICHIGAN MUTUAL INSURANCE
 COMPANY

MEMORANDUM OPINION[*]
PER CURIAM
AUGUST 26, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Mark Westerfield; Johnston, Foley &
Westerfield, on briefs), for appellant.

(Cecil H. Creasey, Jr.; Sands, Anderson,
Marks & Miller, on brief), for appellees.


Thomas Myerchin (claimant) contends that the Workers'

Compensation Commission (commission) erred in denying benefits on

the ground that he failed to market his residual work capacity,

(1) where his physician had released him to part-time light-duty

work; and (2) Heart Corporation (employer) failed to provide

necessary medical care. Pursuant to Rule 5A:21(b), employer

raises the following additional questions: Whether the

commission erred in finding that (1) claimant proved he sustained

an injury by accident arising out of and in the course of his

employment on September 12, 1995; and (2) claimant gave employer

timely notice of his September 12, 1995 industrial injury. Upon

reviewing the record and the briefs of the parties, we conclude

_____

       [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

that the issues raised on appeal by both parties are without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## Injury by Accident

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence proved that in June 1995, claimant injured his right kneecap. Thereafter, he came under the care of Dr. Young J. You. In June 1995, Dr. You prescribed a patella stabilizing brace. On July 12, 1995, Dr. You noted that claimant's knee appeared stable. Dr. You advised claimant to wear the brace for any major activity. Dr. You did not indicate the need for any further treatment at that time.

Claimant testified that on September 12, 1995, while working for employer as a mechanic, he was assigned to go to American Stone to work on an overhead crane, his last assignment of the day. At approximately 4:00 p.m., claimant began to descend to a platform after taking readings and measurements. In the process, he fell four to five feet, his foot jammed, and he experienced a mild ache and pop in his right knee. When claimant returned to the shop, he did not see a supervisor. He went home with an ache in his knee. The next day, claimant had to stop working due to severe pain in his knee. At that time, he reported his September 12, 1995 injury to Stephen Welch, employer's part owner and vice

2

president of operations.

On September 15, 1995, claimant returned to Dr. You. Claimant reported a history of falling while working on a crane four days earlier, causing an injury to his knee with an increased amount of pain, soreness, and swelling. Dr. You opined that claimant's symptoms were consistent with the September 12, 1995 injury described to him by claimant, rather than claimant's pre-existing knee injury. Dr. You opined that claimant's prior dislocated patella had no relation to the current anterior cruciate ligaments and meniscus injury.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Claimant's testimony, which was corroborated by the history he reported to Dr. You, provides credible evidence to support the commission's finding that claimant proved an identifiable incident resulting in a sudden mechanical change in his body. Thus, that finding is conclusive on this appeal. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

<u>Notice</u>

Claimant testified that he reported his injury to Welch the day after it occurred. Welch denied knowing about claimant's

3

work-related injury until approximately thirty days later when the insurer notified employer of the accident.

As fact finder, the commission was entitled to accept claimant's version of events, and to reject Welch's testimony. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Claimant's testimony constitutes credible evidence to support the commission's finding that he gave timely notice of the September 12, 1995 injury by accident to employer.

In rendering its decision, the commission considered Welch's testimony, and resolved any inconsistencies between his testimony and claimant's testimony in favor of claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

### Marketing

It is well settled that in order to establish entitlement to benefits, a partially disabled employee must prove that he has made a reasonable effort to procure suitable work but has been unable to do so. See Great Atl. & Pac. Tea Co. v. Bateman, 4 Va.

App. 459, 464, 359 S.E.2d 98, 101 (1987).

Dr. You testified that claimant could have returned to part-time, light-duty work as of September 15, 1995. No evidence proved that claimant made any effort to market his residual work capacity. Claimant argues that because he was released only to part-time employment, he should not be penalized for failing to market his residual capacity by suffering a complete loss of wage benefits. The Workers' Compensation Act ("the Act") provides no exception for employees released to part-time light-duty work versus full-time light-duty work with respect to that employee's duty to market his or her residual work capacity. Accordingly, we conclude that this argument is without merit.

Claimant also contends that because employer wrongfully withheld medical care, claimant should not be penalized for his failure to market his residual capacity. Again, this argument is without merit. No evidence proved employer wrongfully withheld medical care. Moreover, the Act does not support such an argument.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>