COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Elder and Bumgardner

MT. VERNON HOSPITAL AND INOVA
 HEALTH SYSTEM FOUNDATION, INC.
                                        MEMORANDUM OPINION[*]
v.        Record No. 2651-97-4               PER CURIAM
                                          APRIL 14, 1998
BRENDA A. WHATMAN

         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Eric J. Berghold; McCandlish & Lillard,
              P.C., on brief), for appellants.

              (James F. Green; Ashcraft & Gerel, on brief),
              for appellee.


     Mt. Vernon Hospital and its insurer (jointly referred to

herein as employer) contend that the Workers' Compensation

Commission (commission) erred in holding employer responsible for

benefits related to Brenda A. Whatman's (claimant) post-March 20,

1997 left knee problems.  Employer argues that the commission

erred in finding that claimant proved that a non-compensable

March 20, 1997 incident aggravated her underlying November 7,

1996 compensable knee injury for which employer had been found

liable.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

On November 7, 1996, claimant sustained a compensable left knee injury while working for employer as an assistant lab technician and phlebotomist. Following this incident, claimant sought medical treatment from Dr. Stuart L. Davidson, an orthopedic surgeon. On January 14, 1997, Dr. Davidson noted that claimant "suffered a mishap because her knee buckled and gave way, twisting her left ankle."[1] On January 20, 1997, Dr. Davidson noted that claimant's "knee is continuing to be problematic." On February 3, 1997, Dr. Davidson noted that claimant's "knee buckled and gave way on her requiring her to go to using a slide-on elastic knee brace." On February 17, 1997, Dr. Davidson noted that claimant was no longer wearing the brace, but that her knee was essentially unchanged. On March 3, 1997, Dr. Davidson reported that claimant's knee was not swollen, but she continued "to have feeling of tightness in the peripatellar area." He gave claimant a prescription for an exercise program. Dr. Davidson treated claimant again on March 17, 1997, noting popping in her knee and minimal swelling. On March 20, 1997, Dr. Davidson noted that claimant had "slipped on some wet ground and her knee buckled and gave way. She reached out with her left arm to try and stop her fall and suffered an injury to her left shoulder as well as exacerbation of her knee injury."

--------

[1] Employer did not raise this incident as an intervening accident that would have insulated it from liability for continuing medical and disability benefits.

Dr. Richard L. Gaertner, an orthopedic surgeon, performed an independent medical examination of claimant on March 27, 1997. An April 7, 1997 MRI of claimant's left knee was within normal limits. On April 15, 1997, Dr. Gaertner opined that claimant's present left knee problems were not related to the injury she sustained on November 7, 1996.

In holding employer responsible for the effects of the March 20, 1997 incident, the commission found as follows:

> [T]here is no evidence that the claimant suffered any material mechanical or structural change in the body as a result of her fall on March 20, 1997. Rather, the MRI study ordered by orthopaedic surgeon Dr. Richard L. Gaertner . . . shows only the same osteoarthritic changes that preexisted even the work accident on November 7, 1996. Dr. Gaertner himself interpreted the study as "within normal limites." [sic] The March 20, 1997 medical report of . . . Dr. . . . Davidson, which states that [claimant's] fall on that date was an "exacerbation of her knee injury," is uncontradicted and unchallenged, and constitutes sufficient evidence to support the Deputy Commissioner's finding. Moreover, Dr. Davidson's medical report, the only evidence presented to describe the "intervening accident," states that [claimant] fell on wet grass because "her knee buckled and gave way," which describes a compensable consequence of the work accident for which the employer must be liable.

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385

S.E.2d 858, 865 (1989) (citations omitted).

> [A]ggravation of an old injury or a pre-existing condition is not, per se, tantamount to a "new injury." To be a "new injury" the incident giving rise to the aggravation must, in itself, satisfy each of the requirements for an "injury by accident arising out of . . . the employment."

First Fed. Sav. & Loan Ass'n v. Gryder, 9 Va. App. 60, 63, 383 S.E.2d 755, 757-58 (1989). "The Commission's finding of fact that [a subsequent] injury was not a new accident is binding on appeal if supported by credible evidence." Board of Supervisors v. Martin, 3 Va. App. 139, 142, 348 S.E.2d 540, 541 (1986).

Claimant's testimony, Dr. Davidson's medical records, and the April 7, 1997 MRI constitute credible evidence to support the commission's finding that claimant's post-March 20, 1997 left knee symptoms and disability resulted from an aggravation of her previously injured left knee rather than a sudden mechanical or structural change in her body. Thus, credible evidence supports the commission's finding that claimant's left knee problems resulted from a compensable aggravation of her November 7, 1996 injury. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Accordingly, we affirm the commission's decision.

Affirmed.