COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Bumgardner

GT CONSTRUCTION COMPANY, INC.
 AND COMMERCIAL UNION INSURANCE
 COMPANIES
                                        MEMORANDUM OPINION[*]
v.   Record No. 2857-97-2                   PER CURIAM
                                           MAY 5, 1998
JERRY L. MORRIS

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Scott C. Ford; Joshua M. Wulf; Midkiff &
             Hiner, on brief), for appellants.

             (Richard M. Thomas; Rider, Thomas,
             Cleaveland, Ferris & Eakin, on brief), for
             appellee.


     GT Construction Company, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers' Compensation

Commission ("commission") erred in finding that Jerry L. Morris

("claimant") proved he sustained an injury by accident arising

out of and in the course of his employment on October 8, 1996.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  See Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

     Claimant, who worked for employer as a construction foreman,

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

testified that on October 8, 1996, he and other workers had to remove gravel in order to grade a basement. Some of the workers used a wheelbarrow to carry the gravel. However, claimant carried the gravel in buckets. Claimant estimated that each bucket weighed fifty to seventy-five pounds and that he carried two buckets at a time. He performed this work from 7:00 a.m. until 3:30 p.m. At approximately 2:00 p.m., he felt a sudden pain in his neck, upper back, and left shoulder while carrying the buckets of gravel. Before 2:00 p.m., claimant had no pain in his neck, upper back, or left shoulder. Claimant continued working for the remaining one and one-half hours. He stated that he felt "a little pain but nothing that would make you feel like you needed to go to the hospital at the time." The next day claimant told James Thomasson, the company owner, that he hurt his shoulder and arm carrying the gravel the previous day. The Employer's First Report, which contained information related by claimant to Thomasson, reported that "carrying bucket of gravel the clmt strained back."

Claimant first sought medical care on October 17, 1996 from Dr. Lewis Castern. After conservative treatment failed to improve claimant's symptoms, Dr. Castern referred claimant to Dr. Howard Sherman, a neurologist. Dr. Sherman diagnosed claimant as suffering from a herniated disc at C6-7. Dr. Sherman referred claimant to Dr. Edgar N. Weaver, Jr., a neurosurgeon, who recommended that claimant undergo a posterior cervical laminotomy

2

and foraminotomy at C5-6 and C6-7.

In rendering its decision, the commission found as follows:

> Despite [the] inconsistencies [in claimant's testimony], the Deputy Commissioner found that the claimant was credible. The Deputy Commissioner observed the claimant and, we believe, was in a better position to judge credibility. We do not find these inconsistencies to be so substantial as to require reversal of the Deputy Commissioner's credibility determination.
>
> As to the medical histories, we find them inconsistent and inconclusive to corroborate or impeach the claimant. Dr. Castern's October 17, 1996, report describes a single incident, ("carrying gravel in a bucket") and a cumulative injury ("carrying bucketfuls of gravel.") Dr. Sherman's November 20, 1996, report is ambiguous, saying the claimant was injured carrying some heavy gravel and Dr. Weaver's report describes a specific incident, "He was carrying heavy stones in a bucket."

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Claimant's testimony, which is consistent with the Employer's First Report, the history recorded by Weaver, and a portion of the history recorded by Dr. Castern, provides credible evidence to support the commission's finding that he proved an identifiable incident resulting in a sudden mechanical change in his body. Thus, that finding is conclusive on this appeal. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

4

In rendering its decision, the commission considered claimant's testimony, his statements to employer, his recorded statement, and the various medical histories, and resolved any inconsistencies in this evidence in favor of claimant. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

For the reasons stated, we affirm the commission's decision.

Affirmed.