COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


DESIGN LANDSCAPES,INC. AND
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURANCE

                                        MEMORANDUM OPINION*
v.    Record No. 0809-00-3                  PER CURIAM
                                          AUGUST 22, 2000
LINDA KAE MIZZELL,
 BY HER GUARDIAN AND CONSERVATOR,
 JOHN MIZZELL, JR.


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           (William C. Walker; Donna White Kearney;
           Taylor & Walker, P.C., on brief), for
           appellants.

           (Kristine H. Smith; Edmunds & Williams, P.C.,
           on brief), for appellee.


      Design Landscapes, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Linda Kae Mizzell,

by her guardian and conservator, John Mizzell, Jr. (hereinafter

referred to as "Mizzell") proved that (1) she sustained an

injury by accident in the scope of her employment; and (2) she

remained totally disabled after February 10, 1999.  Upon

reviewing the record and the briefs of the parties, we conclude

_____

      * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

I.

On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Factual findings made by the commission will be upheld on appeal

if supported by credible evidence.  See James v. Capitol Steel

Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In holding that Mizzell proved that she sustained an injury

by accident occurring in the scope of her employment, the

commission found as follows:

> [E]mployer argues that the evidence
> establishes that [Mizzell] sustained injury
> as a result of a suicide attempt and that
> therefore her claim is barred by Virginia
> Code § 65.2-306.[1]  There are several
> references in the initial medical records to
> a statement from an unnamed family member
> alluding to the possibility that the
> accident was actually a suicide attempt.
> Dr. [Hope S.] Thompson, who authored one of
> these reports, testified that she could not
> recall the source of the information
> recorded in the history and physical.

---

[1] The hearing transcript revealed that employer abandoned its misconduct defense and, rather, maintained that Mizzell did not sustain an injury by accident arising out of and in the scope of her employment on the ground that the accident was due to her intentional unsuccessful suicide attempt.  Employer maintained the same argument on review and does so now on appeal.  Thus, although the commission incorrectly cited to § 65.2-306, it correctly decided the issue of whether Mizzell proved that she sustained an injury by accident occurring within the scope of her employment.

> Further, she testified that she did not speak to either [Mizzell] or any of the family members at any time. [Mizzell] denied any suicidal ideations and, likewise, the family members called to testify stated that they did not raise these concerns to the treating physicians. Indeed, each denied the possibility that [Mizzell] was depressed or suicidal prior to the motor vehicle accident. Wilcox, [Mizzell's] roommate, also denied that [Mizzell] was suicidal in the period immediately prior to October 30, 1998. We find the evidence insufficient to establish that [Mizzell] sustained injury due to an unsuccessful suicide attempt.

(Footnote added.)

The commission's factual findings are supported by credible evidence, including the testimony of Mizzell, her family members, her roommate, and Dr. Thompson. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Because credible evidence supports the commission's decision, we will not disturb it on appeal.

II.

In holding that Mizzell proved that she remained totally disabled after February 10, 1999, the commission found as follows:

> This finding was based in part on . . . observations of [Mizzell] during the hearing, as well as the absence of any medical reports after February 10, 1999. We note that [Mizzell] was evaluated on that

- 3 -

date and was instructed to return in six months.  There is no evidence of any substantive change in [Mizzell's] condition after February 10, 1999.  Additionally, there is no medical opinion before us to indicate that [Mizzell] was, in fact, released to return to work by any of her treating physicians.  There are several references in the medical record to recommendations for further diagnostic studies to be completed prior to [Mizzell's] release to return to work in any capacity.

We note that [Mizzell] sustained significant injury to her brain as a result of the motor vehicle accident.  From the medical records considered in their entirety, it appears that [Mizzell] continues to suffer from cognitive disorders, which may not be evident from casual observation.

In light of the commission's review of Mizzell's medical records reflecting continuing treatment and therapy for her brain injury as of February 10, 1999, and the lack of any release to return to work by her treating physicians, the commission was entitled to infer that Mizzell remained totally disabled after February 10, 1999.  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Affirmed.

- 4 -