COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


LIFECARE MEDICAL TRANSPORTS, INC. AND
 LEGION INSURANCE COMPANY
                                   MEMORANDUM OPINION*
v.    Record No. 0832-00-2              PER CURIAM
                                     SEPTEMBER 19, 2000
LISA D. POWELL


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Jimese Pendergraft Sherrill; Siciliano,
                Dyer, Ellis & Boccarosse, on briefs), for
                appellants.

                (Benjamin M. Smith, Jr.; Kilgore & Smith, on
                brief), for appellee.


        Lifecare Medical Transports, Inc. and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission erred in finding that Lisa D.

Powell (claimant) proved that she was totally disabled from work

beginning December 8, 1998.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Dr. Mark Bryngleson, a chiropractor, began treating claimant in December 1998 and continued to see her on a regular basis thereafter. As of October 18, 1999, Dr. Bryngleson opined that claimant had been totally disabled from work since March 19, 1998, the date of her compensable injury by accident.

On March 23, 1999, Dr. Robert Squillante, an orthopedic surgeon, examined claimant. Dr. Squillante diagnosed "[s]evere lumbar and cervical sprain following motor vehicle accident." With regard to disability, Dr. Squillante opined as follows:

> Given the patient's slight body habitus coupled with probable significant soft tissue injury to the cervical and lumbar spine I do not think she is able to return to work due to the injuries she received during the accident. This could be documented by FCE but I do not know that this is necessary. If there is light duty work she might be a candidate to consider this but I think a more beneficial program would be to consider getting her into work hardening.

On July 31, 1999, Dr. Squillante noted that there was little change in claimant's symptoms other than, "increasing right lower extremity numbness." Dr. Squillante ordered an MRI and noted that claimant would continue under the care of Dr. Bryngleson.

Based upon the opinions of Drs. Bryngleson and Squillante, coupled with claimant's testimony, the commission concluded that claimant proved she was totally disabled from work beginning December 8, 1998. The commission articulated its reasons for

-

accepting the opinions of Drs. Bryngleson and Squillante and for giving little probative weight to the contrary opinions of Drs. Kurt Larson, Aaron Twigg, Howard Stern, and James B. Macon. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The opinions of Drs. Bryngleson and Squillante, coupled with claimant's testimony, constitute credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.

-