COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


BRISTOL HERALD COURIER AND
 AMERICAN PROTECTION
 INSURANCE COMPANY
                                    MEMORANDUM OPINION[**]
v.   Record No. 0280-01-3             PER CURIAM
                                      JUNE 12, 2001
RICHARD JEFFREY TRIVETT


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Ramesh Murthy; Lisa Frisina Clement; Penn
          Stuart, on brief), for appellants.

          (D. Edward Wise, Jr.; Arrington, Schelin &
          Herrell, P.C., on brief), for appellee.


     Bristol Herald Courier and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Richard Jeffrey

Trivett proved he sustained an injury by accident arising out of

and in the course of his employment on December 10, 1999.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

_____

        [*] Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of his injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Furthermore, factual findings made by the commission will be upheld on appeal if supported by credible evidence. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). It is well settled that credibility determinations are within the fact finder's exclusive purview. <u>Goodyear Tire & Rubber Co. v. Pierce</u>, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

On appeal, we view the evidence in the light most favorable to the prevailing party below. <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved Trivett sustained a torn rotator cuff to his left shoulder on March 27, 1999, while working for employer. Employer accepted the claim as compensable, and the commission entered an award on March 8, 2000. Dr. Fred Knickerbocker, Trivett's treating orthopedist, returned him to work on December 9, 1999, with light duty restrictions.

Trivett testified that on December 10, 1999, he and his supervisor, John Arnold, engaged in an argument about Trivett's work schedule. Trivett testified that as he held the doorknob to leave Arnold's office, Arnold grabbed Trivett's wrist. He

-

felt a sharp pain when Arnold jerked his left arm across in front of his body.  He told Arnold to leave him alone and left the office.

Arnold admitted that he and Trivett argued and that he might have touched Trivett's hand.  Arnold denied jerking Trivett's arm.  Trivett called Gary McCormick, Arnold's supervisor, and told him that he had reinjured his shoulder.

That same day, Trivett sought treatment from Dr. Knickerbocker, who recorded the following history:

> Patient comes in today where he did go back to work and worked one night successfully. Last night, according to the patient, his supervisor got angry at him for some reason and jerked his left arm around, aggravating his left shoulder.  Now he is having a lot of muscle spasm and discomfort to his left shoulder.

Dr. Knickerbocker prescribed medication and excused claimant from work until November 29, 1999.

On December 20, 1999, Dr. Knickerbocker noted that Trivett continued to have pain and muscle spasms.  He injected medication into Trivett's shoulder, prescribed physical therapy, and excused Trivett from work.  On January 24, 2000, Dr. Knickerbocker noted that despite physical therapy, Trivett was "still having a fair amount of discomfort and he describes his problem more, stating that a lot of his discomfort is in the front of his arm and he states his muscle looks funny to him." Upon examination, Dr. Knickerbocker found evidence of a biceps

-

tendon rupture of the left shoulder, noted that Trivett "doesn't remember his muscle bunching up like this until after he reinjured it in early December," and opined that "[t]his may have actually been what increased his pain at the time of the incident at work." Dr. Knickerbocker performed surgery to repair the tendon. In a handwritten note, dated March 21, 2000, Dr. Knickerbocker reported that Trivett did not have evidence of a ruptured biceps tendon to his left shoulder until after the December 10, 1999 work incident, noted that Trivett reported that "a fellow employee yanked his [left] arm around causing noted increase pain to [left] shoulder," and opined that the December 10, 1999 incident "most likely" caused the ruptured biceps tendon. On May 1, 2000, Dr. Knickerbocker reported that Trivett's injury on December 10, 1999 was the result of a new accident and that Trivett had been temporarily totally disabled since that date by the December 10, 1999 incident. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). As fact finder, the commission was entitled to accept Trivett's testimony. His testimony was corroborated by Dr. Knickerbocker's medical reports and opinions. The commission considered and gave no probative value to evidence concerning Trivett's behavior

-

towards employees in the office of his family doctor with respect to unrelated medical treatment during 1995 and 1997. As the commission noted, the 1995 and 1997 records were irrelevant and did not shed light upon Trivett's demeanor during his confrontation with Arnold in December 1999.

Because the commission's findings are supported by credible evidence, they are binding and conclusive upon us on appeal. For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>