COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


WASHINGTON COUNTY SERVICE AUTHORITY AND
 VML INSURANCE PROGRAMS
                                        MEMORANDUM OPINION*
v.    Record No. 2666-01-3                  PER CURIAM
                                         FEBRUARY 19, 2002
DOUGLAS HARVEY TRIVITT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael F. Blair; Lisa Frisina Clement;
            Penn Stuart, on brief), for appellants.

            (Ginger J. Largen; Morefield & Largen,
            P.L.C., on brief), for appellee.


     Washington County Service Authority and its insurer

(hereinafter referred to as "employer") contend the Workers'

Compensation Commission erred in finding that Douglas Harvey

Trivitt (claimant) proved that he sustained an injury by

accident arising out of and in the course of his employment on

May 5, 2000.  Upon reviewing the record and the parties' briefs,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the cause of [the] injury

was an identifiable incident or sudden precipitating event and

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. <u>See</u> <u>James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant testified that on May 5, 2000, while lifting a fifty-pound bag of chemicals to hand to his supervisor, he "felt a pop and a severe pain in [his] back." George Hagy, claimant's supervisor, testified that he was holding a door open, assisting the loading of the bags of chemicals, when he saw claimant lifting a bag about two feet off of the floor and "he kind of locked up in a stooped position." Hagy testified that claimant was sent to the emergency room because "he hurt his back." Claimant admitted that on May 5, 2000, prior to the incident, he had pain "here and there" in his back, but he functioned and was able to perform his work duties.

There was no dispute that claimant had suffered from significant back problems before May 5, 2000. As late as April 4, 2000, Dr. Carey McKain, claimant's treating physician, noted that claimant was "doing terribly" with "severe back pain, worse than his leg pain . . . ." On April 18, 2000, Dr. McKain noted

-

that a repeat MRI did not show "any new disc lesions."  In addition, Dr. McKain referred claimant to Dr. Jeffrey McConnell for an opinion regarding fusion surgery.

The May 5, 2000 emergency room report revealed that claimant complained of "low back [pain] into [right] hip and leg."  Claimant reported the May 5, 2000 accident to Dr. McKain in a telephone conversation.  Claimant told Dr. McKain he sustained a "marked increase of pain localized to his back, running into his hip but no new radicular affect."

On May 19, 2000, Dr. McKain noted that claimant was "doing terribly, having injured his back on the job when he was picking up sacks of fluoride on May 5, 2000."  Dr. McKain noted claimant had increased his dosage of analgesics and that the "exacerbation of his pain is mostly in the back, but he has some radiation into both hips and thighs . . . ."  He also noted that "[o]n straight leg raise he has tenderness which goes into the buttock on both sides, but with marked back pain, much worse than in the past."  Dr. McKain opined that it was "clear that [claimant] has significantly worsened his condition," but chose to defer treatment modalities pending Dr. McConnell's recommendations.

On May 25, 2000, Dr. McKain indicated that claimant had agreed to proceed with Dr. McConnell's recommendation of surgery "if [his] discogram was confirmatory."  On July 6, 2000, Dr. McKain noted that claimant's increased pain had not subsided

-

after the May 5, 2000 incident, indicating that claimant suffered from marked back pain and some leg pain. On August 17, 2000, claimant complained to Dr. McKain of "pain mostly in the right leg . . . ."

On August 28, 2000, Dr. McKain responded to a letter from counsel for the insurer of the original compensable claim. In his response, Dr. McKain agreed that the May 5, 2000 accident "aggravated [claimant's] preexisting condition with a noticeable increase in symptoms and an inability to continue working." Dr. McKain agreed that claimant's symptoms after May 5, 2000 were "materially different" from before the accident, requiring more medication and additional work restrictions.

In his September 25, 2000 deposition, Dr. McKain testified that claimant's pain was much worse after the May 5, 2000 incident and, therefore, he would conclude that "something materially different . . . happened on that day." Dr. McKain stated that after the May 5, 2000 incident, claimant had more pain and less mobility; his medications had increased, and he was unable to work, whereas after his second surgery "he continued to work even though he was having problems."

In ruling that claimant proved he sustained an injury by accident on May 5, 2000, the commission found as follows:

> [T]he medical evidence . . . showed that it
> was unanimous that the claimant exacerbated
> his preexisting condition on May 5, 2000.
> . . . Dr. McKain noted "materially
> different" symptoms--spasm, less mobility,

-

worse pain, and increased medication use-- since the accident. He also noted that the claimant had steadily worked throughout his treatment, despite nagging complaints of pain, but that since the May 5, 2000, accident, he was unable to work.

Before the May 5, 2000 accident, the claimant's complaints were primarily back-pain complaints, as opposed to radicular complaints, and if there were reports of radicular symptoms, they were bilateral in nature. After the May 5, 2000 accident, however, his pain appeared to be located primarily in his right leg. The emergency room report noted on May 5, 2000 that the claimant complained of back and right leg pain. Dr. McConnell noted complaints of right lower back and right buttock pain. Dr. McKain noted on May 19, 2000 that straight leg raising produced pain "much worse than in the past" and on August 17, 2000 described the pain as being "mostly in the right leg." Dr. William McIlwain also noted that the claimant's "pain is more leg pain than back pain now" and described right-leg pain.

Notwithstanding claimant's significant pre-existing conditions, his testimony was clear that he was lifting a heavy object and felt a sudden "pop" and severe pain. This accident was witnessed and corroborated at the hearing. The medical evidence showed increased symptoms and a markedly decreased ability to function. Finally, the medical evidence was unanimous that the May 5, 2000 accident aggravated the claimant's pre-existing condition.

-

Claimant's testimony and the medical records of Drs. McKain and McConnell provide ample credible evidence to support the commission's findings. Based upon that credible evidence, the commission, as fact finder, could reasonably infer that the exacerbation of claimant's back condition was caused by an identifiable incident that resulted in an obvious sudden mechanical or structural change in his body. "In determining whether credible evidence exists [to support the commission's ruling], the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

For these reasons, we affirm the commission's decision.

Affirmed.

-