COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Hodges


SHORE LIFE CARE AT PARKSLEY,
 SHORE MEMORIAL HOSPITAL AND
 RECIPROCAL OF AMERICA
                                    MEMORANDUM OPINION*
v.    Record No. 0754-02-1              PER CURIAM
                                      AUGUST 13, 2002
GARY ALLEN DAVIDSON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (George J. Dancigers; Heilig, McKenry,
            Fraim & Lollar, P.C., on brief), for
            appellants.

            (Alan P. Owens, on brief), for appellee.


     Shore Life Care at Parksley, Shore Memorial Hospital and

its insurer (hereinafter referred to as "employer") contend the

Workers' Compensation Commission erred in finding that Gary

Allen Davidson (claimant) proved that he sustained an injury by

accident arising out of and in the course of his employment on

June 20, 2000.  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

────────────────────

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry his burden of proving an 'injury by accident,' a claimant must prove that the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Furthermore, it is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

In ruling that claimant proved an injury by accident occurring on June 20, 2000 and deferring to the deputy commissioner's credibility determination, the commission found as follows:

> The claimant testified to lifting the second bag of dirt and feeling a twinge in his back. He explained that he continued to work and that his condition progressively worsened. Although the claimant's initial medical reports do not describe the incident, he testified that he told his physicians about the lifting incident at work. Beginning in August 2000, the medical records reference a discrete onset of back pain after a particular lifting incident at work. Thereafter, no physician suggests

another source of the claimant's back condition.

The testimony of [Tracy] Turman and [Tanja] Bagwell does not contradict the claimant's testimony. Turman did not observe the claimant lifting the bags. He only discussed with him a method of doing the job before the incident. Thus, Turman did not know which cart the claimant used or how the incident occurred. Similarly, Bagwell's later observation of two bags of dirt on a flatbed is irrelevant. This does not establish that the claimant did not lift two bags, place them in the tub cart, and take them to the dumpster.

The Deputy Commissioner determined that the claimant credibility [sic] testified regarding the injury by accident. We find the record is insufficient to reverse. While the Commission has the authority to assess the credibility of witnesses, a Deputy Commissioner's credibility findings are given deference on Review. A Deputy Commissioner is generally better positioned to observe and evaluate the demeanor of the witnesses.

Claimant's testimony, which was not inconsistent with the testimony of his co-workers, coupled with the medical records beginning August 3, 2000, provide credible evidence to support the commission's findings. As fact finder, the commission was entitled to weigh the medical evidence and the witnesses' testimony. The significance of the lack of a history of a specific incident in the immediate post-accident medical reports was a matter for the fact finder to weigh in assessing

claimant's credibility.  The commission did so and accepted claimant's testimony.

Because the commission's findings are supported by credible evidence, they are binding and conclusive upon us on appeal. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).  Moreover, "in determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Id.

For these reasons, we affirm the commission's decision.

Affirmed.