COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Kelsey and Senior Judge Hodges


WHOLE FOODS MARKET, INC. AND
 CONTINENTAL CASUALTY COMPANY

                                        MEMORANDUM OPINION*
v.    Record No. 3216-02-3               PER CURIAM
                                          APRIL 8, 2003
SOTIRIOS PETRAKIS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Thomas E. Dempsey; Semmes, Bowen & Semmes,
               P.C., on brief), for appellants.

               (Gregory P. Perigard; Burgess, Kernbach &
               Perigard, PLLC, on brief), for appellee.


     Whole Foods Market, Inc. and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Sotirios Petrakis (claimant)

proved he remained totally disabled after October 19, 2000 as a

result of his compensable July 21, 2000 injury by accident.

Upon reviewing the record and the parties' briefs, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In reversing the deputy commissioner's finding and ruling that claimant proved he was entitled to temporary total disability benefits after October 19, 2000, the commission found as follows:

> As for disability, Dr. [Michael] Trahos has opined that the claimant has been unable to work since he began treating the claimant in October 2000.  Although Dr. [Neil] Kahanovitz was not willing to restrict the claimant from work, he recommended a second opinion.  Dr. Trahos then began treating the claimant and opined that he was totally disabled.  Dr. Trahos opined on June 17, 2001, that the claimant should not return to work "until his condition improves."  Thus, we believe that the claimant presented current evidence that was not contradicted that he was totally disabled at the time of the hearing.  Moreover, he has continuously suffered from the same symptoms since the accident.
>
> The deputy commissioner was not persuaded by Dr. Trahos' opinion because he was not an authorized physician.  Dr. Trahos was providing current treatment to the claimant, however, and was in a good position to opine as to his disability.  Moreover, although the evidence did not show that Dr. Kahanovitz was unwilling to continue to treat the claimant or was providing improper treatment, Dr. Kahanovitz agreed that the claimant might benefit from treatment with another physician.  There was no evidence that Dr. Trahos provided inadequate treatment or was unable to provide an accurate and reasoned opinion.  Moreover, his opinion was based on additional EMG studies.  Finally,

- 2 -

> Dr. Kahanovitz did not opine that the
> claimant was able or unable to work. Thus,
> Dr. Trahos' opinion was not contradicted.
> We find that the claimant established
> continuing disability . . . .

(Citation omitted.)

Dr. Trahos' medical records and opinions constitute credible evidence to support the commission's findings. As fact finder, the commission weighed the medical evidence and accepted Dr. Trahos' opinion regarding claimant's disability. In doing so, the commission articulated its reasons for accepting Dr. Trahos' opinion. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's findings." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Furthermore, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.

For these reasons, we affirm the commission's decision.

Affirmed.