COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, McClanahan and Senior Judge Coleman


COASTAL MART, INC., #812 AND
 RELIANCE NATIONAL INDEMNITY COMPANY/
 VIRGINIA PROPERTY & CASUALTY INSURANCE
 GUARANTY ASSOCIATION
                                        MEMORANDUM OPINION*
v.   Record No. 0763-03-3                  PER CURIAM
                                        SEPTEMBER 16, 2003
RANDY L. WAMPLER


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (John C. Johnson; Frith Anderson & Peake,
              P.C., on briefs), for appellants.

              (P. Heith Reynolds; Wolfe, Williams &
              Rutherford, on brief), for appellee.


     Coastal Mart, Inc., #812 and its insurer (hereinafter

referred to as "employer") contend the Workers' Compensation

Commission erred in finding that Randy Wampler (claimant) proved

he was totally disabled after July 5, 2001, as a result of his

compensable April 13, 2000 injury by accident.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

--------------------------------------------------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Moreover, "[q]uestions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Claimant slipped and fell at work on April 13, 2000. The parties stipulated to a compensable injury by accident causing "post-traumatic right olecranon bursitis and post-concussion headaches." The commission entered an award for temporary total disability (TTD) benefits from April 14 through May 30, 2000, and June 4 through June 11, 2000. On March 30, 2001, claimant filed a change-in-condition application seeking TTD benefits from March 20, 2001 and continuing.

Dr. Michael S. Dew, a neurologist who began treating claimant on March 20, 2001, opined on July 5, 2001, in response to a questionnaire from claimant's counsel, that claimant continued to be totally disabled as a result of chronic post-traumatic headaches averaging six to seven days per week. Dr. Dew opined that claimant could engage in activities at his own pace and duration.

Dr. Jim Brasfield, who performed an independent medical examination of claimant on June 28, 2001, at employer's request, questioned claimant's "alleged" and "unwitnessed" injury, even

- 2 -

though the parties had stipulated that a compensable accident occurred resulting in post-concussion headaches and the commission had previously entered an award.  Dr. Brasfield opined that claimant could work.

In ruling that claimant met his burden of proving entitlement to an award of TTD benefits commencing March 20, 2001 and continuing, the commission, as fact finder, accepted the opinion of the treating neurologist, Dr. Dew, and rejected the contrary opinion of Dr. Brasfield, who examined claimant on one occasion.  "'[W]hen an attending physician is positive in his diagnosis . . . , great weight will be given by the courts to his opinion.'"  Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (citations omitted).  Dr. Dew's medical records and unequivocal opinion provide credible evidence to support the commission's finding that claimant remained totally disabled after July 5, 2001. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

We note that, contrary to employer's contention, neither the record, the deputy commissioner's opinion, nor the full commission's opinion suggest that they considered the additional treatment records dated June 26, 2001, July 31, 2001, September 5, 2001, November 8, 2001, December 10, 2001, February 21, 2002,

- 3 -

and May 2, 2002, submitted by claimant upon remand at the June 11, 2002 hearing.  Thus, employer's argument that the full commission considered those records or that employer was in any manner denied its right to cross-examine Dr. Dew with respect to those reports is without merit.  We also note that the commission explicitly provided employer the opportunity to contest the validity of Dr. Dew's July 5, 2001 report and to present rebuttal evidence on remand; however, employer chose not to do so.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>